Territory v. Trapp, 16 N. M. 700.

[No. 1358.   December 22, 1911.]
TERRITORY OF NEW MEXICO, Appellee, v. MAL-
COM TRAPP, Appellant.

### SYLLABUS.

1.   Appellant cannot be heard to complain of error in-
vited by himself.

2.   A verdict will not be set aside on appeal when it is
supported by substantial evidence.

3.   A citizen has a right to go, if requested, with a con-
stable to make an arrest.

4.   Five forms of verdict as to manslaughter submitted
by court to jury examined and found correct.

5.   Alleged threats of deceased properly excluded as at
that time no evidence had been presented from which the
attitude and conduct of the deceased was in doubt.

6.   Alleged conversation of deceased with one of the
defendants properly excluded as antagonizing   the   rule
against showing specific acts of violence and requiring proof
of general reputation.

7.   Evidence properly excluded because of irrelevance.

8.   Requested instruction   faulty   because   it   entirely
omitted the fundamental requirements that   the   circum-
stances must be viewed by the jury as they reasonably ap-
peared to the defendants.

9.   Jury not misdirected because of the omission in the
instruction of the negative words "without malice," as it in
no way decreased the amount of proof required to convict,
but was an omission in defendant's favor and of which he
cannot complain.

10.   Requested instruction not correct statement of law,
as it was not necessary to verdict, for defendant to have
provoked the quarrel in which the homicide occurred.

11.   No different and proper instruction more fully cover-
ing the law of self defense being requested, there is no error

in the given instruction objected to, which as far as it went was correct.

12. Searches and seizures provided against in the Constitutional guarantee are those of the government or the states under state constitutions and are not the unlawful acts of individuals.

13. It is not true as a matter of law that a person may resist illegal arrest to the extent of taking life in the absence of an attempt on the part of the person killed to take life or to do great bodily harm.

Appeal from the District Court for Lincoln County, before M. C. Mechem, Associate Justice. Affirmed.

W. H. H. Llewellyn, E. R. Wright, Gatewood & Graves for Appellant.

Homicide statutes: Laws 1907, chap. 36, sec. 2; C. L. 1897, secs. 1069, 1071.

Resisting unlawful arrest. State v. Harrod, 102 Mo. 590; State v. Harper, 149 Mo. 514; Burke v. Com., 7 Ky. L. Rep. 869; Karr v. State, 106 Ala. 1; Pratt v. State, 75 Ark. 350; State v. Westfall, 49 Ia. 328; Chittenden v. Com., (Ky.) 9 S. W. 386; State v. Brittan, 89 N. C. 481; Sullivan v. Com., 13 Ky. L. R. 869; Foster v. State, 102 Tenn. 33; Stanley v. Com., 86 Ky. 440; Campbell v. Com., 88 Ky. 402; Carroll v. State, 23 Ala. 28; Storey v. State, 71 Ala. 329; Carpenter v. State, 62 Ark. 286; Mitchell v. State, 43 Fla. 188; Richard v. State, 42 Fla. 528; State v. Thompson, 9 Ia. 188; State v. Kennely, 20 Iowa 569; Burton v. Com., 23 Ky. L. Rep. 1915; State v. Conally, 3 Ore. 69; Stoneham v. Commonwealth, 86 Va. 523; United States v. Outerbridge, 5 Sawy. 620; United States v. Wiltberger, 3 Wash. C. C. 515; Parrish v. Com., 84 Va. 1; State v. Dugan, Houst. Crim. Rep. (Del.) 563; State v. Rutherford, 8 N. C. 457; Shorter v. People, 2 N. Y. 193; State v. Harris, 46 N. C. 190; People v. Walworth,

4 N. Y. Crim. Rep. 355; Jones v. State, 76 Ala. 8; Brinkley v. State, 89 Ala. 34; People v. Newcomer, 118 Cal. 263; Haynes v. State, 17 Ga. 465; State v. Middleham, 62 Ia. 150; Bledsoe v. Com., 9 Ky. L. Rep. 1002; Tingle v. Com., 11 Ky. L. Rep. 224; Wright v. Com., 85 Ky. 123; Pond v. People, 8 Mich. 150; State v. Taylor, 143 Mo. 150; Willis v. State, 43 Neb. 102; State v. Harman, 78 N. C. 515; Estep v. Com., 86 Ky. 39; Hurd v. People, 25 Mich. 405; People v. Lilly, 38 Mich. 270; Davison v. People, 90 Ill. 221; State v. Patterson, 45 Vt. 308; Semayne's Case, 5 Coke 91a; Meade's Case, 1 Lewin, C. C. 184; Richardson v. State, 7 Tex. App. 486; Weaver v. State, 19 Tex. App. 547; Stoneman v. Com., 25 Gratt 887; Jones v. State, 26 Tex. App. 454; Ross v. State, 10 Tex. Ct. App. 455; People v. Hubbard, 24 Wend. (N. Y.) 369; Curtis v. Hubbard, 1 Hill (N. Y.) 336; Pinder v. State, 27 Fla. 370; Cortez v. State, 69 S. W. 536; People v. Fitchpatrick, 39 Pac. 605; Wharton on Homicide, 3 ed., sec. 409; Com. v. Crotty, 10 Allen (Mass.) 403; Glover v. State, 33 Tex. Cr. App. 224.

Uncommunicated threats. State v. Foster, 49 S. W. 747; State v. Felker, 71 Pac. 668; State v. Hennessy, 90 Pac. 221; Wood v. State, 29 So. R. 557; King v. State, 19 S. W. 110; Wiggins v. People, 93 U. S. 465; Wallace v. United States, 162 U. S. 465; Holler v. State, 37 Ind. 57; State v. Foster, 102 Tenn. 33; State v. Felker, 71 Pac. 668, Mont.; State v. Hennessey, 90 Pac. 221, Nev.; Wood v. State, 29 So. R. 557; King v. State, 19 S. W. 110.

Jury and court may draw proper and logical conclusions from the facts proven. Union Bank v. Middlebrook, 33 Conn. 100; Patterson v. McCausland, 3 Bland ch. 71, Md.; Frost v. Brown, 2 Bay. 133, S. C.; O'Garrow v. Eisenlower, 38 N. Y. 298; Moore v. Hopkins, 23 Pac. 319, Cal.; Scott v. McNeil, 154 U. S. 34.

A verdict should be set aside and a new trial granted where there is no substantial evidence to support it. Territory v. Sais, 15 N. M. 171; 2 Standard Dict. 1793, substantial.

Territory v. Trapp, 16 N. M. 700.

Prejudicial remark of court. Copeney v. State, 10 Tex. Ct. App. 473; Horne v. State, 37 Ga. 80; Hawkins v. U. S., 116 Fed. 569; Lycan v. People, 107 Ill. 4278; State of Nevada v. Frazer, 14 Nev. 214; People v. Kindelberger, 100 Cal. 367; Griffin v. State, 90 Ala. 596; Cunningham v. People, 195 Illinois 550; Marzen v. People, 173 Ill. 43; State v. Pugsley, 75 Iowa 748; 12 Cyc. L. & P. 538-541; 8 Enc. P. & P. 272-3.

Court misdirected jury as to verdict. Territory v. McFarlane, 7 N. M. 421; 22 Enc. P. & P. 894; Morrill v. Linderman, 86 Ill. App. 75; Lewin v. Barry, 63 Pac. 121, Colo. App.; People v. Jenkins, 56 Ill. 4.

Persons acting in defense of another are on the same plane as those acting in defense of themselves. State v. Hennesy, 90 Pac. 221, Nev.; 4 Elliott on Evidence, sec. 3041s; State v. Felker, 27 Mont. 451; People v. Curtis, 52 Mich. 616; Wpod v. State, 128 Ala. 27; State v. Austin, 104 La. 409; Foster v. State, 102 Tenn. 33.

Jury should have been instructed to view the situation from the standpoint of defendants. Territory v. Gonzales, 11 N. M. 301; Hickory v. U. S., 151 U. S. 303; Allen v. U. S., 150 U. S. 551; Wharton on Homicide, 3 ed. 455; People v. Lennon, 71 Mich. 298; Amos v. Com., 16 Ky. L. R. 358; Rowsey v. Com., 116 Ky. 617; Meredith v. Com., 18 B. Mon. 49; Haney v. Com., 5 Ky. L. R. 203; Com. v. Carey, 2 Brewst. 404, Pa.; Logue v. Com., 38 Pa. 265, 80 Am. Dec. 481; Com. v. Drum, 58 Pa. 9; Brownlee v. State, (Tex. Crim. App.) 87 S. W. 1153; Bell v. State, 20 Tex. App. 445; Swain v. State, (Tex. Crim. App.) 86 S. W. 335; Watts v. Territory, 1 Wash. Terr. 409; State v. Cain, 20 W. Va. 679; State v. Evans, 33 W. Va. 417; Rex. v. Scully, 1 Car & P. 319; Levett's Case, Cro. Car. 538; Stacy v. State, (Tex. Crim. App.) 86 S. W. 327; Williford v. State, 38 Tex. Crim. Rep. 393; Sargent v. State, 35 Tex. Crim. Rep. 325; Blair v. State, 69 Ark. 558; Early v. Com., 24 Ky. L. Rep. 1181; Oakley v. Com., 10 Ky. L. Rep. 885; Adkins v. Com., 26 Ky. L. Rep. 496; Pennington v. Com., 24 Ky. L. Rep. 321; Adams v. State, (Tex. Crim. App.) 84 S. W. 231; Beard v. State, (Tex. Crim. App.) 81 S. W. 33; Allen v. United

States, 150 U. S. 551; Hickory v. United States, 151 U. S. 303; Martin v. State, 17 Ohio C. C. 406; Granger v. State, 5 Yerg. 459.

Voluntary manslaughter. C. L. 1897, sec. 2992; Aguilar v. Territory, 8 N. M. 496; Territory v. Friday, 8 N. M. 204; Territory v. Pino, 11 N. M. 559; Laws 1907, 42; Wharton on Homicide, 3 ed. 6; Cl. & Mar. Law of Crimes, 2 ed. 350; Wharton Am. Crim. Law, sec. 931.

Self defense. Territory v. Gonzales, 11 N. M. 301; Adams v. N. Y., 192 U. S. 585; Cortez v. State, 69 S. W. 536; Ross v. State, 10 Tex. App.

FRANK W. CLANCY, Attorney General, for Appellee.

Self defense. Territory v. Gonzales, 11 N. M. 326. Evidence was sufficient to justify verdict.

Reasonable doubt. Territory v. Gonzales, 11 N. M. 326; Sackett, sec. 3023; Pinkerton v. Ledoux, 3 N. M. 410; Territory v. Garcia, 12 N. M. 327; U. S. v. Densmore, 12 N. M. 106; Territory v. Livingston, 13 N. M. 327; Territory v. O'Donnell, 4 N. M. 210; U. S. v. Duran de Amador, 6 N. M. 178; Express Co. v. Kountze, 8 Wall. 353; Humes v. U. S., 170 U. S 211; Isaacs v. U. S., 159 U. S. 490.

Unreasonable search or seizure. Bacon v. U. S., 97 Fed. 40; Gindrat v. People, 138 Ill. 103; Shield v. State, 104 Ala. 35; Com. v. Dana, 2 Metc. (Mass.) 329; State v. Flynn, 36 N. H. 64; 1 Greenl. Ev. 254a.

If a man makes resistance to his being arrested, he is guilty of murder if he kills an officer who has lawful authority to arrest, and is guilty of manslaughter if he kills an officer who has not such lawful authority. 1 Bishop Criminal Law, sec. 868.

## OPINION OF THE COURT.

PARKER, J.—The appellant was indicted jointly with his father and brother for the murder of one Webb J. McAdams, the court excluding murder from the consideration of the jury, and submitting the sole question of the guilt or innocence of the defendants of voluntary

manslaughter. It appears that the deceased was a constable and, with one Davidson, whom he had asked to accompany him, went to the home of the Trapps for the ostensible purpose of arresting _ the elder Trapp. The court held that the warrant in the possession of the deceased was illegal and conferred no rights on the 'deceased and so instructed the jury. Upon arrival at the Trapp home the deceased attempted to arrest the elder Trapp under the illegal warrant, and thereupon, a mortal combat ensued in which the deceased was shot and killed by the appellant. The account of the actual difficulty differs, naturally, as given by the prosecution and the defense. The prosecution showed that as soon as the 'deceased attempted to arrest the elder Trapp, appellant presented a six-shooter at the side of his father and fired on 'deceased, wounding him in the abdomen, and instantly fired on deceased again after he had fallen from the effect of the first shot. The defense showed that the deceased and said Davidson attacked the elder Trapp and fired at him and that appellant, in defense of his father, shot the 'deceased. The father and brother were acquitted and appellant convicted of voluntary manslaughter.

1. Appellant complains that there is no evidence to support the verdict. In the first place it is to be observed that appellant in his 11th and 17th requested instructions expressly asked the court to submit to the jury the question of the guilt or innocence of appellant and the other defendants of manslaughter. No motion was made at the close of the Territory's case for an instruction by the appellant, nor was any made at any time during the trial. Under such circumstances the error, if error it was, was invited by appellant and he cannot be heard to complain here. But there was no error in submitting the issue to the jury. Following, as correct, the rule laid down in Territory v. Sais, 15 N. M. 171, 103 Pac. 980, cited by appellant, that a verdict will not be set aside when it is supported by substantial evidence, we can see no force in the argument of appellant. He proceeds to argue that the circumstances attending the killing, previous threats of deceased, the circumstances of

the attempted illegal arrest, the preponderance, in number at least, of the witnesses for the defense over the one for the prosecution, as to the actual killing, so overwhelmed the prosecution as to render it improper to allow the verdict to stand. All this was eminently proper to present by way of argument to the jury which tried the case, but it has no place here. That there was substantial evidence upon which to base the verdict seems apparent from the testimony of Davidson who accompanied the deceased when he attempted to make the arrest and when he was killed.

2. Appellant complains of the refusal of the court to withdraw from the jury an alleged harmful remark made by the court in ruling on the admission of evidence. It appears that the witness, Davidson, who accompanied deceased, claimed to be a deputy sheriff and, upon cross examination, he was asked whether he had exhibited with his testimony at the preliminary examination of defendants his commission as deputy sheriff. Objection was interposed by counsel for the territory on the ground that the record of the preliminary examination was the best evidence. The objection was overruled and the court then said: "He had a right to be there if McAdams told him to come. That is the view of the court. It is immaterial." It is apparent that the court was impressing upon counsel that Davidson's presence with the deceased at the Trapp home was equally lawful so far as he was concerned whether he was a deputy sheriff or was merely a citizen who had been summoned by an admitted officer to assist in arresting a person, as was shown by the undisputed evidence. Counsel for appellant complains that this statement conveyed to the jury the information that in the opinion of the court the deceased and the witness Davidson were rightfully at the Trapp residence. We do not so construe the remark. The remark was merely a general declaration of the law to the effect that a citizen has a right to go, if requested, with a constable to make an arrest, and referred to no opinion of the court on the facts. When the court came to apply the law to the facts in the case he gave his 14th instruction in which the jury was specifically directed that the alleged warrant was

illegal and void and conferred no right on deceased or any one else to go upon the premises of the Trapps for any purpose.

3.   Appellant complains of the alleged misdirection of the jury in submitting forms of verdict.   The court submitted five forms, as follows: 1. Guilty as to all defendants; 2. Guilty as to appellant and father and not guilty as to brother; 3. Guilty as to appellant and brother and not guilty as to father; 4. Guilty as to appellant and not guilty as to father and brother; 5. Not guilty as to all defendants.   Appellant contends that proper instructions required forms as follows: 1. Acquittal of appellant and conviction of father and brother; 2. Acquittal of appellant and father and conviction of brother; 3. Acquittal of appellant and brother and conviction of father; 4. Acquittal of all three.   He argues that appellant was denied the right of acquittal separately from the others.   But counsel overlooks the controlling fact that appellant was the person who committed the actual homicide.   Under the facts the father and brother could not be convicted and the appellant, acquitted.   If the appellant was to be acquitted all of the defendants must necessarily be acquitted.   There is, therefore, no merit in the contention.

4.   Appellant complains of the exclusion of the testimony of two witnesses to alleged threats by deceased. The witness Thompson testified to a conversation with the deceased in which he told that "he (McAdams) was going to arrest Trapp and take Cleve Hibler along and get Trapp and him (Hibler) into a fight and kill one another." This was taken from the jury over the objection of the appellant.   The witness, Jump, testified that deceased told him, at the time of service of process in an action by the elder Trapp against the deceased, that he, the deceased, would have the elder Trapp in the Lincoln jail inside of twenty-four hours.   This testimony was stricken out over the objection of the appellant.   Neither of these alleged threats were communicated to any of the Trapps. Whether either of these statements were of such a nature, especially the latter, as to be admissible at all as threats is extremely doubtful.   They were offered as tending to

show the probability .of the deceased having begun the difficulty. ·At that stage of the trial no evidence had been offered by the defense as to the circumstances of the killing, and the prosecution had shown by an eye witness that appellant was the aggressor and that deceased had committed no overt act of hostility. Under such circumstances the statements were properly excluded for this, if for no other reason, there having been at this time no evidence presented from which the attitude and conduct of the deceased was in doubt. 1 Wig. Ev., secs. 110, 111; 6 Ency. Ev., p. 789, et seq.

5. Appellant complains of the exclusion by the court of an alleged conversation between the elder Trapp and the deceased, in which the deceased told the witness of different difficulties he had had, and that he had assaulted other men and had had different fights, and bragged about being a fighter and a shooter. This conversation was not communicated to the appellant. If the evidence was offered to show the violent character of the deceased as reflecting on the view appellant took of the appearance at the time of the homicide it is perfectly apparent that the fact must, in order to be relevant, be known to the person who acted. 2 Bish. New Cr. Proc., sec. 611. If the evidence was offered as reflecting on the question of who began the difficulty, it antagonized the well recognized rule against showing specific acts of violence and requiring proof of general reputation. 2 Bish. New Cr. Proc., sec. 617.

6. Appellant complains of the exclusion by the court of evidence by the brother concerning a visit of the deceased with another man to the Trapp residence a short time prior to the homicide. This was evidently offered in connection with a previous alleged threat made shortly before. The court did not take from the jury the fact of the visit, but merely instructed them not to consider what the deceased and his companion did and said while there. The exact ground for the court's ruling does not appear either from the motion to strike out the testimony or from the court's ruling. What the parties said and did was of an

Territory v. Trapp, 16 N. M. 700.

entirely peaceable character and we assume that, therefore, the court excluded the same, because irrelevant and showing nothing in the nature of hostility or threats. In this it was correct.

7. Appellant complains of the court's refusal to give defendant's 10th requested instruction. The instruction relates to the duty of the jury to view the circumstances from the standpoint of the person who acted upon them, as nearly as they could in view of the evidence. The instruction requested is as follows: "You are further instructed that in considering the question of the guilt or innocence of the defendants, and of each of them, you should view the facts and circumstances of the case as nearly as you can from their respective standpoints and put yourselves as nearly as you may in their respective places, and see and consider the situation as in your judgment it must at the time have appeared to them; and if upon so doing, you cannot say from all the evidence before you that you are convinced beyond a reasonable doubt of the guilt of some one or more of the defendants, then you should find him or them of whose guilt you are not so convinced, not guilty." It will thus appear that the request was faulty in that it entirely omits the fundamental requirements that the circumstances must be viewed by the jury as they reasonably appeared to the defendants. This doctrine is sometimes otherwise expressed to the effect that the defendant may act upon appearances if he honestly and without fault or carelessness believes the facts to exist. 1 Bish. New Cr. Law, sec. 305; 2 Bish. New Cr. Law, sec. 645. But in all, or a great many, of the cases and text books the element of reasonableness of the belief of the defendant in the existence of danger is required. See Brickwood's Sackett Ins., secs. 3101-3108. The requested instruction was therefore properly refused. The Court instructed correctly on this point in its 11th instruction and inserted the above requirement. This instruction did not specifically direct the jury to place itself in the position of defendants, but no proper request was made for such instruction, as we have seen. Under such circumstances appellant cannot

be heard to complain.   Territory v. Gonzales, 11 N. M. 301, 326.

8. Appellant complains of the refusal of the court to give the 11th requested instruction in which voluntary manslaughter is defined in the terms of the statute.   The statute is as follows: "Manslaughter is the unlawful killing of a human being without malice.   It is of two kinds . 1st. Voluntary: Upon a sudden quarrel or in the heat of passion. * * *" Laws 1907, p. 42.   As before seen, the court eliminated all consideration of the question of the guilt of the defendants of murder, and submitted the sole question of guilt or innocence of voluntary manslaughter.   In the court's instruction he omitted all reference to malice and submitted the sole question as to the unlawful killing upon a sudden quarrel or in the heat of passion.   The confusion in the mind of counsel arises out of the negative form of the words "without malice" used in the statute.   He argues from the narrow ground that the crime not being defined in the exact words of the statute, there was a misdirection of the jury.   But it is easily seen that the argument is faulty.   This is not a case of requiring less of a jury to convict than the law requires, by means of the omission of some essential element of the crime required by the law to be present.   It is rather a case of requiring more of the jury by the court's instructions, in order to convict, than the law requires.   The omission of the negative words "without malice" in no way decreased the amount of proof required to convict, but, on the other hand, it was an omission in appellant's favor and of which he cannot complain.

9. Appellant complains of the refusal of his 12th requested instruction, as follows: "You are further instructed that before you can find the defendant, Malcom Trapp, guilty of any offense whatever under the indictment in this case, you must first satisfy your minds from the evidence beyond all reasonable doubt that he provoked the difficulty and made the first assault or that he and his father, said John C. Trapp, or he and his brother, John Trapp, or he and both of them acting together, brought on said difficulty and made said first assault, or that his said father or

brother or both of them acting together, while he was present aiding, abetting, encouraging or counselling one or both of them, provoked said difficulty and made said first assault. And unless you so find from the evidence beyond all reasonable doubt, you will acquit Malcom Trapp."

It is apparent that this instruction is not a correct statement of the law. It is not necessary for defendants to have provoked the quarrel in which the homicide occurred. It is usual, if not almost universal, for the provocation to come from the person killed. In fact it is hardly possible to imagine a case where a defendant could provoke a quarrel and then, by reason of his own quarrel, be so overcome by heat of passion as to be excusable from the charge of murder in case he kills his antagonist.

10. It is a sufficient answer to appellant's objection to the court's 12th instruction on the law of self-defense to say that no different and proper instruction more fully covering the subject was requested. Territory v. Gonzales, 11 N. M. 301, 326. The instruction, so far as it went, was correct.

11. Appellant complains of the court's refusal to give his 15th requested instruction to the effect that if the deceased and the witness Davidson went to the Trapp house without a legal warrant and attempted to seize or search for the elder Trapp, it was a violation of the Trapps' constitutional guarantee against unlawful searches or seizures. The searches and seizures provided against are those of the government or the states under state constitutions, and are not the unlawful acts of individuals. Bacon v. U. S., 97 Fed. 40.

12. Appellant complains of the court's refusal to give his 19th instruction, as follows: "You are further instructed that if you find from the evidence that the place where said homicide occurred was the property of the defendant, John C. Trapp, and lawfully occupied by the defendant at the time it occurred, and fail to find from the evidence beyond a reasonable doubt that the deceased and Clay Davidson or either of them at the time of said homicide had lawful right or leave to enter upon said premises or go into said house, and further find from the evidence that they

went upon said premises and to said home armed with deadly weapons and without authority of law and for what defendants believed and had reason to believe to be an unlawful purpose, then and in that event the defendants and each of them had lawful right to defend said home and premises and themselves against such unlawful aggression, meeting force with force proportioned to the force opposed to them and sufficient lawfully to protect said home and premises in themselves, even to the extent of taking life if necessary for said purpose; and if you further find from the evidence that said Webb J. McAdams received said fatal wound under such circumstances, then and in that event you should acquit the defendants and each of them, although you may believe from the evidence that one or more of the defendants fired the first shot." This instruction is palpably faulty. The unlawful purpose referred to, in the light of the evidence, was the illegal arrest of the elder Trapp. It is not true as a matter of law that a person may resist illegal arrest to the extent of taking life, in the absence of an attempt on the part of the person killed to take life or do great bodily harm. 1 Bish. New Cr. Law 868. If, on the other hand, such an attempt is made by the party seeking to make the arrest, a different principle applies, and the right of self-defense intervenes, a principle fully submitted to the jury by the court in its instructions.

Appellant's 20th requested instruction was likewise properly refused. The complaint of the giving of the court's 7th instruction has been heretofore disposed of. There being no error in the record the judgment of the lower court will be affirmed, and it is so ordered.

Associate Justice Wright, having been of counsel, did not participate in this opinion. Associate Justices Abbott and Roberts dissent.