604 P.2d 1242

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Clifford Leo McCARTER,
Defendant-Appellant.**

**No. 12341.**

Supreme Court of New Mexico.

Jan. 9, 1980.

Sarah M. Singleton, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Walter G. Lombardi, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

FEDERICI, Justice.

Appellant was convicted of first degree murder and appeals. Appellant has presented five issues for our determination:

POINT I: Did the trial court err in refusing to grant a mistrial because the judge communicated with the jury in open court, but in the absence of the defendant, concerning the numerical division of the jury?

POINT II: Did the trial court err in excluding evidence of a plea of guilty of aggravated battery by the victim?

POINT III: Did the trial court err in refusing to give defendant's requested instruction on diminished responsibility?

POINT IV: Did the trial court err in refusing to instruct the jury on the voluntariness of defendant's statements?

POINT V: Did the trial court err in limiting the evidence which could be presented at trial and by making certain remarks concerning defense counsel?

We hold that the trial court erred with respect to Point I and we remand for a new trial.

## POINT I

Following the reading of the instructions and the arguments of counsel, the court addressed the jury, informing them, among other things, that when they had reached a unanimous verdict, the foreman would sign and return the appropriate verdict. This happened around noon. At a quarter to five in the evening, the jury foreman sent the court a message which read: "Sir: We are at a decision of eleven to one for murder in the first degree. What next?" At this time the defense counsel, but not the defendant, were present. Defense counsel moved for a mistrial.

The trial court sent the following note to the jury: "You must consider further deliberations." The defense also objected to this procedure.

At ten minutes after five the jury returned to open court with a verdict of guilty of first degree murder. The judge polled the jury, asking, "[i]s this your verdict?" to each juror. One juror responded: "Reluctantly." The court said: "But it is your verdict?" The juror answered: "Yes."

■■ The record discloses that the trial court was aware of the prohibition against shotgun instructions and was attempting to avoid error. However, the note sent by the court to the jury was, under the specific circumstances present in this case, tantamount to a simplified shotgun instruction. We realize that when a statement is submitted to the court by the jury during deliberations concerning the inability of the jury to arrive at a verdict, together with a disclosure of the numerical division, the judge must communicate with that jury in some fashion. The judge not only can, but should, communicate with the jury and can do so if the communication leaves with the jury the discretion whether or not it should deliberate further. The court can inform the jury that it *may* consider further deliberations, but not that it *must* consider further deliberations. This would be proper under *State v. Aragon,* 89 N.M. 91, 547 P.2d 574 (Ct.App.1976), *cert. denied,* 89 N.M. 206, 549 P.2d 284 (1976).

The coercive nature of the procedure used in this case was condemned in *Aragon*. In that case, the court stated that an additional instruction, after revelation of the numerical division, becomes a lecture to the lone juror who does not favor conviction. Such conduct violates due process because it impinges on the right to a fair and impartial trial.

This Court has specifically prohibited the use of such instructions, recognizing that they have been held to be coercive. N.M.U. J.I.Crim. 50.30, Use Note & Comm. Comments, N.M.S.A.1978. The instructions which accompany N.M.U.J.I.Crim. 50.07, N.M.S.A.1978, given prior to retiring, informs the jury of their duty to deliberate and to reach a unanimous verdict, are quite clear. "After the jury has retired for deliberation neither this instruction nor any 'shotgun' instruction shall be given." N.M. U.J.I.Crim. 50.07, Use Note. *See also* N.M. R.Crim.P. 43, N.M.S.A.1978. The trial court's note to the jury violated this specific mandate.

■ This Court has long recognized that any communication by a trial court with the jury must be in open court in the presence of the accused and his counsel. *State v. Orona,* 92 N.M. 450, 589 P.2d 1041 (1979); *State v. Beal,* 48 N.M. 84, 146 P.2d 175 (1944); *State v. Hunt,* 26 N.M. 160, 189 P. 1111 (1920); *State v. Brugger,* 84 N.M. 135, 500 P.2d 420 (Ct.App.1972). When communications occur in the absence of the accused, a presumption of prejudice arises, and the State must demonstrate that the communication did not affect the verdict. *Orona, supra; Brugger, supra.* These principles were reaffirmed recently in *State v. Stephens,* 93 N.M. 458, 601 P.2d 428 (1979).

In New Mexico the law on this point is well settled. It is highly improper for the trial court to have any communication with the jury except in open court and in the presence of the accused and his counsel. *State v. Orona,* 92 N.M. 450, 589 P.2d 1041 (1979); *State v. Beal,* 48 N.M. 84, 146 P.2d 175 (1944); *State v. Brugger,* 84 N.M. 135, 500 P.2d 420 (Ct.App.1972). When such communication takes place, a

presumption of prejudice arises. *State v. Brugger, supra.* Such a presumption of prejudice must have been intended to be guardian to the rights of confrontation and cross-examination, and therefore strong and compelling. The State has the burden of affirmatively showing that the defendant was not prejudiced by the communication between the court and the jury. *State v. Orona, supra, State v. Beal, supra.*

The Court concluded:

Further, the record fails to show substantial evidence to the effect that the communication did not affect the verdict. The burden of establishing this fact resting with the State, and the State failing to meet this burden, the presumption of prejudicial error must prevail.

93 N.M. at 461, 601 P.2d at 431.

It is our opinion that the trial court erred in failing to grant a new trial, because of the communication by the jury to the court of its numerical standing on conviction and the written statement sent to the jury by the court, and the absence of the accused in open court during those proceedings, and because there is a lack of substantial evidence in the record to overcome the presumption of prejudice that the verdict was affected.

Appellant presents the following four additional points on appeal. We hold that these additional points are without merit.

### POINT II

Evidence of a pertinent trait of character of the victim of a crime is admissible if offered by the accused. N.M.R.Evid. 404, 405, N.M.S.A.1978.

■ New Mexico cases recognize the principle that in a homicide prosecution, the defendant may introduce evidence of the general reputation of the victim for lawless and violent character, but that a defendant cannot introduce specific acts of violence. *Territory v. Lobato,* 17 N.M. 666, 134 P. 222 (1913); *Territory v. Trapp,* 16 N.M. 700, 120 P. 702 (1911), *rev'd on other grounds,* 225 F. 968 (8 Cir.); *United States v. Densmore,* 12 N.M. 99, 75 P. 31 (1904). Except for the

fact that opinion evidence may now be used to prove character under Rule 405(a), the law as stated in *Lobato, Trapp* and *Densmore* is still the law in New Mexico.

An exception to the general rule is recognized in *State v. Ardoin,* 28 N.M. 641, 216 P. 1048 (1923). There, this Court held that evidence of specific acts of violence on the part of the deceased could be introduced by a defendant if there was evidence that the defendant had been informed of, or had knowledge of, those acts at the time of the homicide. Such evidence would have some bearing on the reasonableness of defendant's apprehension for his life.

■ In this case, appellant testified that he heard of instances where the victim had stabbed several persons, but there was no evidence that appellant knew that the victim had been convicted of aggravated battery. Under that evidence the aggravated battery conviction was not admissible. *State v. Ardoin, supra.*

In *State v. Alderette,* 86 N.M. 600, 526 P.2d 194 (Ct.App.1974), the court relied upon *Ardoin* for the principle that admission of evidence of specific acts of violence on the part of the victim lies in the discretion of the trial court. The court stated:

> In our opinion, the asserted specific violent act referred to in the offense report was not to be excluded solely because it was not shown that defendant knew of that act. It does not follow, however, that evidence of a specific violent act of a deceased is automatically admissible. Such evidence is directed to a collateral issue and the extent that evidence on a collateral issue is to be permitted is within the trial court's discretion.

*Id.* at 605, 526 P.2d at 199.

*See also State v. Marquez,* 87 N.M. 57, 529 P.2d 283 (Ct.App.1974).

■ A plea of self defense is an important factor in determining essential elements of a defense and in arriving at admissibility of specific acts of conduct. *See State v. Bazan,* 90 N.M. 209, 561 P.2d 482 (Ct.App.1977). Nonetheless, we are convinced under the state of the record in this case that the trial court properly applied the rules of evidence and that it did not err in excluding evidence of a plea of guilty of aggravated battery by the victim.

## POINT III

■ Appellant contends that the testimony of a forensic psychologist that defendant had an IQ of 85 and that he had an anti-social personality disorder sometimes referred to as sociopathy or psychopathy, was sufficient evidence of a mental disorder as to mandate the giving of an instruction on diminished responsibility. However, according to the psychologist's own testimony, he stated that he could not testify as to this particular issue.

The trial court based its rejection of the offered instruction on the case of *State v. Hartley,* 90 N.M. 488, 565 P.2d 658 (1977), where this Court held that evidence of a defendant who:

> [H]ad a mental disorder, was inclined to be depressed, agitated, prone to act impulsively, capable of destructive behavior if something triggered. his actions . . does not meet the test of reasonably tending to show that defendant had a diseased mind.

*Id.* at 491, 565 P.2d at 661.

In *Hartley* the Court did not address the notion of "diminished responsibility" which it had previously considered in *State v. Padilla,* 66 N.M. 289, 347 P.2d 312 (1959). The Court in *Padilla* recognized a difference between an insanity defense and one of "diminished responsibility".

In *State v. Valenzuela,* 90 N.M. 25, 559 P.2d 402 (1976), the Court indicated that an instruction on "diminished responsibility" may be warranted under the facts of that case, which dealt specifically with a defense of insanity.

The severity of the psychological disorder described in *Padilla* and *Valenzuela* was of a greater magnitude than the evidence in the present case.

The question is really one of substantial evidence which is for the trial court. We find substantial evidence in the record to

sustain the trial court. Failure to instruct on diminished responsibility was not error.

*POINT IV*

█ The trial court properly interpreted and applied the rule on timeliness of the motion to suppress the confession. *State v. Helker,* 88 N.M. 650, 545 P.2d 1028 (Ct.App. 1975); N.M.R.Crim.P. 18, N.M.S.A.1978. No request was made at the trial for a hearing on the voluntariness of the confession; the explanation of rights form and the confessions were admitted in evidence without objection. No timely objections or motions were made to suppress the confession and no foundation was laid by appellant which required the trial court to give N.M.U.J.I.Crim. 40.40, N.M.S.A.1978. *See* Use Note to N.M.U.J.I. 40.40.

As such, we find that the trial court did not err in refusing to give the tendered instruction.

*POINT V*

Appellant lastly alleges error as a result of: (1) a limitation of defendant's cross-examination of a state's witness; (2) impugning of defense counsel's ability, and (3) the exclusion of defense evidence, such as to deprive appellant of his fundamental right to a fair trial.

█ Pursuant to Rule 611(a) of the New Mexico Rules of Evidence, the trial court has a right to exercise reasonable control over the interrogation of witnesses to make the interrogation and presentation effective for the ascertainment of truth, to avoid needless consumption of time, and to protect witnesses from harassment or undue embarrassment. We find that the trial court did not abuse the discretion granted to it under the rule. The trial court did not err in limiting cross-examination, making remarks to and concerning defense counsel or in excluding certain evidence tendered on behalf of appellant.

The reasons stated above under Point I, the trial court is reversed, the sentence vacated, and the cause remanded for a new trial.

IT IS SO ORDERED.

PAYNE and FELTER, JJ., concur.