This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                                            **No. 30,304**

**BRYAN LEFEBRE,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant appeals from an order of conditional discharge entered after a jury found him guilty of possession of methamphetamine. We issued a calendar notice proposing to reverse on a sentencing issue and affirm on all other issues. Defendant has responded with a memorandum in opposition. [Ct. App. file] The State has filed a response indicating that it agrees with our calendar notice.

**SUFFICIENCY OF THE EVIDENCE**

Defendant raised two issues challenging the sufficiency of the evidence to support the jury verdict. [MIO 6; DS 6] A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted).

In order to support the jury's verdict, the evidence had to show that Defendant knowingly had methamphetamine in his possession. [RP 70] In his docketing statement, although Defendant stated that he was raising a sufficiency challenge, his specific claims appeared to challenge the admissibility of evidence. [DS 6] For purposes of a sufficiency review, this Court considers even improperly admitted

2

evidence. *See State v. Post*, 109 N.M. 177, 181, 783 P.2d 487, 491 (Ct. App. 1989) ("If all of the evidence, including the wrongfully admitted evidence, is sufficient, then retrial following appeal is not barred [by the Double Jeopardy Clause].").

Defendant's first claim was one of hearsay, in that Officer Darby testified that Officer Griego gave him a baggie and told him that he had found it on Defendant during a search. [DS 2, 6] The court gave the jury a limiting instruction on this testimony. [DS 2] Even if it had not, we do not deem this to be reversible error because Officer Griego himself thereafter testified that he had given the baggie to Officer Darby. [DS 3] *See State v. Varela*, 1999-NMSC-045, ¶ 37, 128 N.M. 454, 993 P.2d 1280 (observing that improperly admitted cumulative evidence does not warrant reversal). To the extent that Defendant is challenging the specificity of the officers' recollections concerning the transfer and the content of the baggie [MIO 8], we believe that this was a matter to be considered exclusively by the factfinder. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the factfinder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay).

Defendant also appears to raise a chain of custody challenge. Both officers testified to the basic fact that a baggie had been discovered on Defendant's person. [MIO 8-9] We believe that the district court acted within its discretion in admitting

this evidence because it could rely on the credibility of the testimony, and it could reject any break in the chain of custody as speculative. *See State v. Peters*, 1997-NMCA-084, ¶ 26, 123 N.M. 667, 944 P.2d 896 (noting abuse of discretion standard and rule that the prosecution does not have to preclude all possibilities of any break in the chain of custody). Finally, we believe that any challenge to the memory of the lab technician with respect to testing went to the credibility of her testimony and not to admissibility, particularly since there does not appear to be any dispute that she was the individual who compiled the report. [MIO 9-11] She also stated that she trusted that the gas chromatograph was calibrated and in working order. [MIO 6]

**MISTRIAL**

Defendant continues to claim that the district court should have declared a mistrial after a document was presented that indicated the testing was being conducted for drug trafficking prosecution. [MIO 11] The district court's ruling on a motion for a mistrial is addressed to the sound discretion of the court and will not be disturbed absent a showing of abuse of discretion. *State v. Fry*, 2006-NMSC-001, ¶ 52, 138 N.M. 700, 126 P.3d 516 (filed 2005); *State v. McDonald*, 1998-NMSC-034, ¶ 26, 126 N.M. 44, 966 P.2d 752.

The district court instructed the jury that it should disregard the notation on the document. [RP 52; MIO 5] In light of the fact that the document had already

appeared before the jury, this remedy was more effective than the alternative requested by Defendant—that the notation be removed after it already appeared before the jury. [DS 4] *See State v. Simonson*, 100 N.M. 297, 301, 669 P.2d 1092, 1096 (1983) ("The overwhelming New Mexico case law states that the prompt sustaining of the objection and an admonition to disregard the answer cures any prejudicial effect of inadmissible [evidence]."). Defendant would like us to consider whether there was any reasonable possibility that the notation could have induced the jury verdict. [MIO 12] This is the analysis that applies where inadmissible evidence is intentionally elicited by the prosecution. *See State v. Gonzales*, 2000-NMSC-028, ¶ 39, 129 N.M. 556, 11 P.3d 131. In this case, however, there is no showing that the prosecution knew that the notation was on the report [MIO 4-5]; to the extent that the prosecution had such knowledge, we believe that the district court was in a better position to make this determination. To impute constructive knowledge onto the prosecution as a matter of law would take *Gonzales* beyond its intended purpose—to punish the prosecution for wilful misconduct.

**WITNESS EXCLUSION**

Defendant next argues that the district court erred in permitting Agent Verhulst to be recalled for further testimony. [MIO 13] Defendant had invoked Rule 11-615 NMRA, and Agent Verhulst had remained in the courtroom during the lab

technician's testimony. [MIO 5] Permitting a witness to retake the stand under these circumstances is a matter within the discretion of the district court. *See State v. Kijowski*, 85 N.M. 549, 550, 514 P.2d 306, 307 (Ct. App. 1973). It appears that Agent Verhulst testified about why the report had a notation referring to trafficking, where he indicated that he had made a mistake. [RP 51, 10:33:00] Given this limited testimony, we do not believe that it was an abuse of discretion to recall him. *See Simonson*, 100 N.M. at 301, 669 P.2d at 1096 (rejecting a Rule 11-615 challenge where the witness was an expert and not a witness to the crime).

**SENTENCE**

Defendant has argued that the district court impermissibly sentenced him to a probationary term that exceeded the statutory maximum. [DS 7] The district court issued an order of conditional discharge pursuant to NMSA 1978, Section 31-20-13(A) (1994), which provides that where a defendant is found guilty of a first-time felony for which a deferred or suspended sentence is statutorily authorized, the court may, "without entering an adjudication of guilt, enter a conditional discharge order and place the person on probation on terms and conditions authorized by [NMSA 1978, Section 31-20-5 (2003) and NMSA 1978, Section 31-20-6 (2007)]." Defendant has stated that the finding of guilt in this case related to a first conviction for narcotics possession [DS 7], and the State has not disagreed with this statement.

Sentencing for a conditional discharge based on a first narcotics offense is governed by NMSA 1978, Section 30-31-28(A) (1972), which provides for a probationary term "not to exceed one year." Here, Defendant received a probationary term of eighteen months. [RP 92] Accordingly, we believe that Defendant's probationary term was not in accordance with this statute.

For the reasons stated in this opinion, we reverse and remand for re-sentencing and affirm on all other issues.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**ROBERT E. ROBLES, Judge**