This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                        **NO. 28,845**

**RAY M. QUIROZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Thomas A. Rutledge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
James W. Grayson, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant Ray Quiroz appeals from the district court's judgment, order and commitment to the Corrections Department. He was convicted after a jury trial of possession of a controlled substance, a fourth degree felony, and concealing identity, a petty misdemeanor. On appeal, he contends that: (1) the evidence was insufficient to prove beyond a reasonable doubt that he possessed methamphetamine; (2) the district court erred in admitting the forensic crime laboratory report of the State of New Mexico Department of Public Safety (DPS) as a business record because it violated Defendant's right of confrontation under the Fifth Amendment to the United States Constitution; (3) Defendant did not receive effective assistance to which he was entitled by the Sixth Amendment to the United States Constitution; and (4) the district court erred because it did not inform the jury when it was evenly deadlocked to suspend its deliberations and wait for further instructions. We affirm.

**SUFFICIENCY OF THE EVIDENCE**

Defendant argues that the evidence was insufficient to support his conviction for possessing methamphetamine. "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sena*, 2008-NMSC-053, ¶ 10, 144 N.M. 821, 192 P.3d 1198 (internal quotation marks and citation omitted). We view the evidence in the light

most favorable to, and indulge all inferences in favor of the verdict. *Id.*; *State v. Sanders*, 117 N.M. 452, 456, 872 P.2d 870, 874 (1994). If there is sufficient evidence supporting the verdict, we do not reweigh the evidence or substitute our judgment for that of the factfinder. *State v. Fuentes*, 2010-NMCA-027, ¶ 13, 147 N.M. 761, 228 P.3d 1181.

As the jury instructions provided, for the jury to find Defendant guilty of possession of methamphetamine beyond a reasonable doubt, it was required to find that Defendant had methamphetamine in his possession and knew that it was methamphetamine. As to possession, the district court instructed the jury that a "person is in possession . . . when he knows it is on his person or in his presence and he exercises control over it." To convict Defendant, the jury was therefore required to find more than mere possession. *State v. Garcia*, 2005-NMSC-017, ¶ 13, 138 N.M. 1, 116 P.3d 72. Indeed, in circumstances in which an area is shared with others, our case law stresses the need for proof that a defendant exercises control of the contraband property. *See State v. Maes*, 2007-NMCA-089, ¶¶ 20-21, 142 N.M. 276, 164 P.3d 975 (holding that knowledge of another's drugs and ability to exercise control was insufficient); *State v. Sizemore*, 115 N.M. 753, 757, 858 P.2d 420, 424 (Ct. App. 1993) (stating that presence in proximity of stolen goods in shared area is insufficient evidence to support a conviction).

3

However, circumstantial evidence of the constructive possession is sufficient to support a conviction. *See State v. Barber*, 2004-NMSC-019, ¶ 27, 135 N.M. 621, 92 P.3d 633 ("Proof of possession in controlled substances cases may be established by evidence of the conduct and actions of a defendant, and by circumstantial evidence connecting defendant with the crime."). There is such circumstantial evidence in this case.

Officers of the Pecos Valley Drug Task Force received a tip that Defendant was selling methamphetamine from a home and established surveillance of the home. They knew there was an outstanding arrest warrant for Defendant. Officer Ramiro Martinez was observing the house from the next block with binoculars. He was familiar with Defendant's appearance. He testified that he observed Defendant leave the residence while carrying a black jacket. He could see clearly because it was light outside. Defendant entered a car on the rear passenger side.

Officers stopped the car a couple of blocks from the house under surveillance. Chad Jones was in the driver's seat, Misty Farmer was in the front passenger seat, Shon Eastman was in the rear seat behind the driver, and Defendant was in the rear seat on the passenger side. The officers secured the car, removed the occupants, and obtained a warrant to search the car. During the search, Officer Carroll Caudill found a black jacket in the front of the car on both the console and the passenger seat with

4

a substance that was later identified as methamphetamine in one of its pockets. It was the only black jacket in the car. The officers also found a large amount of cash in the console and drug paraphernalia, marijuana, and a drug ledger in Farmer's purse in the front passenger seat.

Although Defendant argues that the evidence was insufficient to establish Defendant's possession of the black jacket, and therefore the methamphetamine, Defendant does not set forth in his brief in chief all the evidence pertaining to the issue. *See* Rule 12-213(A)(3) NMRA ("A contention that a verdict, judgment or finding of fact is not supported by substantial evidence shall be deemed waived unless the summary of proceedings includes the substance of the evidence bearing upon the proposition[.]"). Regardless, there was sufficient evidence for the jury to reasonably conclude that Defendant had possession of the jacket.

Officer Martinez testified that he clearly observed Defendant carrying a black jacket into the car. The officers stopped the car within a few blocks after Officer Martinez's observation. Both Defendant and the driver testified that there was no opportunity to hide anything from the officers and that no one in the car moved in response to the officers' presence. The officers found only one black jacket in the car.

Defendant argues that the State did not prove his possession of the black jacket beyond a reasonable doubt because there was conflicting testimony as to whether

5

Defendant was carrying a black jacket that day. Defendant testified that he did not have a black jacket, that he was carrying a black backpack, and that he did not see a black jacket in the car. Eastman testified that he saw a jacket on the front console before Defendant entered the car and that Defendant did not have a jacket. He did not know who owned the jacket. Jones, the driver, did not see the jacket in the car and testified that it was not on the console. He did not see Defendant with a black jacket. Both Eastman and Jones said that Defendant had a backpack; Eastman could not remember the color, and Jones thought it was more green than black. Further, the jacket was admitted into evidence and therefore available for the jury to compare with the description of Farmer's size and typical dress.

The flaw in Defendant's argument is that he is asking this Court to reweigh the credibility of the witnesses and conclude that Defendant's testimony and the inconsistent testimony of other occupants of the car are more credible than the testimony of Officer Martinez. Not only do we not reweigh the evidence, but we must "resolve all disputed facts in favor of the [s]tate, indulge all reasonable inferences in support of the verdict, and disregard all evidence and inferences to the contrary." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Moreover, "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts." *Id.*

Defendant argues in this regard that "evidence equally consistent with two inferences does not, without more, provide a basis for adopting either one— especially beyond a reasonable doubt," *State v. Garcia*, 114 N.M. 269, 275, 837 P.2d 862, 868 (1992), and that the testimony in this case required the jury to speculate in order to fill the gaps in the State's proof. However, as this Court has stated in response to a similar argument, "[w]hen a defendant argues that the evidence and inferences present two equally reasonable hypotheses, one consistent with guilt and another consistent with innocence, . . . the jury has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence." *State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393. We decline Defendant's invitation to intrude upon the role of the jury and to overturn its verdict.

**CONFRONTATION CLAUSE**

Defendant argues that the district court erred in admitting the DPS forensic crime report as a business record because it violates his rights under the confrontation clause of the United States Constitution. The report was prepared by Eric Young, a forensic scientist at the Southern Forensic Laboratory (SFL), who performed laboratory tests on the substance found in the black jacket. Young was not available to testify at trial, and Adam Pasternak, also a forensic scientist at the SFL, testified concerning the report and his own review and opinions relating to Young's report.

At the outset of Pasternak's testimony, defense counsel made a general objection to the testimony and asked to approach the bench. The bench conference is mostly inaudible on the record provided to this Court. After the bench conference, the district court discussed the business record exception to the hearsay rule and the scope of the testimony of expert witnesses under Rules 11-702 and 11-703 NMRA. It allowed the State to examine Pasternak to lay a foundation with regard to the objection. The district court then ruled that it would allow the testimony under Rule 11-803(F) NMRA, the business record exception to the hearsay rule, and Rules 11-702 and 11-703, the rules concerning the testimony of expert witnesses. It told defense counsel that its record was adequately established for appellate review.

Defendant acknowledges on appeal that he "did not specifically state that his objection to the substitute analyst was based on the [c]onfrontation [c]lause." He contends, however, that he preserved his confrontation clause argument with his objection because the district court's "ruling showed that it was adequately alerted that [Defendant] was moving to exclude . . . Pasternak as a witness based on a violation of his right to confront witnesses against him." He contends that he made his objection following Pasternak's statement that Young performed the tests of the substance at issue.

Our review of the record does not bear out Defendant's contentions. Although

8

defense counsel's objection was timely, he only stated that he objected and asked to approach the bench. As Defendant admits, the bench conference discussions are not audible on the record. **(BIC 16)** Defendant had the obligation to prepare a statement of proceedings under such circumstances and did not do so. Rule 12-211(H) NMRA.

The district court's ruling does not show that it was alerted to a confrontation clause argument. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 ("In order to preserve an error for appeal, it is essential that the ground or grounds of the objection or motion be made with sufficient specificity to alert the mind of the trial court to the claimed error or errors, and that a ruling thereon then be invoked.") (internal quotation marks and citation omitted). After the voir dire with regard to foundation, the district court asked questions of Pasternak that related to the admission of records and the bases for an expert's opinion. The district court then ruled that it would allow the evidence under Rule 11-803(F), pertaining to the business record exception to the hearsay rule, and under Rules 11-702 and 11-703, pertaining to the admissibility of expert witness testimony. It did not mention the confrontation clause, Defendant's right to confront witnesses against him, or aspects underlying a confrontation clause argument such as the testimonial nature of the evidence.

Moreover, defense counsel's own actions do not indicate that he was making

9

a confrontation clause argument. When defense counsel had the opportunity to conduct a voir dire examination of Pasternak after the district court allowed the State to lay a foundation in connection with defense counsel's objection, defense counsel did not ask questions that related to a confrontation clause objection, such as questions that would indicate that the evidence was testimonial in nature. *See Crawford v. Washington*, 541 U.S. 36, 68-69 (2004) (stating that the confrontation clause applies to out-of-court testimonial statements).

A hearsay objection is not sufficient to preserve a confrontation clause argument for appellate review. *State v. Lucero*, 104 N.M. 587, 591, 725 P.2d 266, 270 (Ct. App. 1986); *see also State v. Silva*, 2008-NMSC-051, ¶ 10, 144 N.M. 815, 192 P.3d 1192 (declining to address confrontation clause argument when objection in district court was under Fifth Amendment); *State v. Trujillo*, 2002-NMSC-005, ¶ 13, 131 N.M. 709, 42 P.3d 814 (declining to address confrontation clause argument when the objection in district court was on general impeachment and hearsay grounds). Defendant's hearsay objection did not alert the district court to a confrontation clause argument, and we will not consider it for the first time on appeal.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

Defendant argues that his trial counsel did not provide effective assistance. Specifically, he contends that counsel failed to (1) follow-up on Defendant's request

10

to take a lie detector test, (2) investigate the use of the confidential informant referred to in the criminal complaint, (3) subpoena a key witness, and (4) analyze the black jacket for hair or fingerprints.

A defendant has the burden of establishing a prima facie case of ineffective assistance of counsel by showing that (1) "counsel's performance fell below that of a reasonably competent attorney," and (2) "the deficient performance prejudiced the defense." *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729 (internal quotation marks and citation omitted). The defendant must show that, as a result of counsel's errors, the trial was not fair in that the results are not reliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In conducting our review, we strongly presume that counsel has "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. We "will not second guess the trial strategy and tactics" of counsel. *State v. Gonzales*, 113 N.M. 221, 230, 824 P.2d 1023, 1032 (1992).

The record before us does not support Defendant's claims. With regard to the lie detector, Defendant states that he made a written request to counsel to make the request. He states that the case depended on his credibility and the lie detector test would have reinforced his testimony that the drugs did not belong to him. However, Defendant does not demonstrate, beyond his assertion, how the results of the test

would support his testimony.

As to investigation of the confidential informant, Defendant contends that counsel did not conduct a reasonable and thorough investigation. Yet, again, he does not explain the manner in which further investigation of the confidential informant would have helped his defense or changed the result of the trial.

Defendant asserts that Farmer was a key witness to his defense because she was the occupant of the front passenger seat where the black jacket was found. Although she was listed as a witness by the State, she did not appear for trial. However, Defendant does not discuss what her testimony would have been or how it would have made a difference in the trial.

As to the failure to challenge the legality of the officers' stop of the car, Defendant states that a reasonably competent attorney would have filed a motion to suppress because the stop was unreasonable. But the testimony at trial established that there was an outstanding warrant for Defendant's arrest and that Officer Martinez recognized Defendant and conveyed information to the arresting officers. Defendant has not demonstrated that his trial counsel did not perform in a reasonably competent manner.

Although Defendant makes an assertion in his brief in chief that his counsel was also ineffective for failure to analyze the black jacket for hair and fingerprints, he does

not make an argument in that regard. We therefore do not address the assertion. *See Rhoades v. Rhoades,* 2004-NMCA-020, ¶ 18, 135 N.M. 122, 85 P.3d 246 (declining to address an assertion unsupported by citation to authority for argument).

Defendant has not made a prima facie showing of ineffective assistance of counsel on the record on appeal. Nothing precludes him, however, from filing a petition for habeas corpus raising an ineffective assistance of counsel claim. *See State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31.

**JURY DEADLOCK**

The jury sent a note indicating that it was deadlocked six to six in its deliberations on the possession of a controlled substance charge. The district court received the note at 1:55 p.m. and asked for argument from counsel as to what instruction to give the jury. During this discussion, at 2:02:47 p.m., the bailiff informed the court that the jury had reached a verdict. Defendant argues that the district court erred by failing, when it received the jury's note, to inform the jury that it should suspend its deliberations and wait for further instruction. Defendant contends that the district court denied his constitutional right to a fair trial by not informing the jury that it should suspend its deliberations and await further instruction from the court.

When the district court received the jury's note, it had the obligation to

13

communicate with the jury. *State v. McCarter*, 93 N.M. 708, 710, 604 P.2d 1242, 1244 (1980). It could advise the jury that it could continue its deliberations but not that it had to continue. *Id.* It could not coerce the jury to continue its deliberations or to reach a verdict. *Id.* at 711, 604 P.2d at 1245. The court decided to confer with counsel as to the manner in which it should communicate with the jury. However, within a very short time, and before the district court could hear from counsel, the jury reached its verdict.

The district court did not act unreasonably by not informing the jury that it had to await further instruction. There was no reason that the jury could not continue its deliberations until it heard from the court. The court did not take an unreasonable time, and it did not coerce the jury in any way. It did not err by not immediately advising the jury to discontinue deliberations.

**CONCLUSION**

We affirm the district court's judgment, order and commitment to the Corrections Department.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

14

**I CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**


**RODERICK T. KENNEDY, Judge (specially concurring)**

**KENNEDY, Judge (specially concurring).**

Because Defendant failed to adequately alert the district court to a problem under the confrontation clause, and because this resulted in his then abandoning his hearsay objections on appeal in favor of the new, shiny argument, the carcass of the defense's objections has no meat left, and I must concur with the result in this case.

Although the distinction was made in the context of determining that they are testimonial statements, we should be mindful that lab reports were taken out of the business records context of Rule 11-803(F), precisely because they are prepared for use in fact-specific work relating to a particular case, and not in the regularly-conducted administration of a business or public entity. Such a report contains information as to matters observed that are unique to this case, as well as Mr. Young's professional opinions and conclusions about the import of those observations and data with particular reference to whether only the substance provided to him for testing for purposes of only this case, was methamphetamine. This case is therefore a return to *State v. Christian*, 119 N.M. 776, 782, 895 P.2d 676, 682 (Ct. App. 1995), where one expert testified to the observations and conclusions of the analyzing expert. That practice is now discredited.

The persistent hearsay problem of testifying to another's opinions or admitting the report containing them wholesale is disturbing. Our Courts have long held that

16

although experts may rely on facts and data, including hearsay, in forming their opinion, the hearsay itself is inadmissible. Rule 11-703; *State v. Bullcoming*, 2010-NMSC-007, ¶ 24, 147 N.M. 487, 226 P.3d 1. The rule also limits the expert to formation of his opinions based on facts and data and does not permit him to rely on another expert's hearsay opinion. *O'Kelly v. State*, 94 N.M. 74, 76, 607 P.2d 612, 614 (1980). In fact, in *O'Kelly* the admission of the opinion of a non-testifying expert has been held to be reversible error. *State v. Aragon*, 2010-NMSC-008, ¶ 24, 147 N.M. 474, 483, 225 P.3d 1280, 1289 (N.M. 2010). We should strictly remember that "reliance upon such hearsay facts or data, or partial reliance upon another expert's opinion that is not in evidence, to form an independent expert opinion does not necessarily make the hearsay itself admissible." *Aragon*, 2010-NMSC-008, ¶ 23. *See State v. Delgado*, 2010-NMCA-078, ¶ 4 (holding that to the extent expert testifies to non-testifying expert's conclusions, that evidence is inadmissible testimonial hearsay), *cert. denied*, 2010-NMCERT-007, __ N.M.__, 241 P.3d 611 (No. 32,441, July 13, 2010).

Pasternack may have testified to Young's conclusions or opinions, rather than just the facts and data and his own opinion based on them. and the district court

admitted Young's report to be admitted and presented to the jury.

_____

**RODERICK T. KENNEDY, Judge**