**UNITED STATES of America, Appellee,**

v.

**Benjamin L. GOINS, Appellant.**

**No. 78–1565.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 11, 1978.

Decided Feb. 26, 1979.

Rehearing and Rehearing En Banc
Denied March 21, 1979.

Daniel P. Reardon, St. Louis, Mo., for appellant.

Stephen B. Higgins, Asst. U. S. Atty., St. Louis, Mo., argued, Robert D. Kingsland, U. S. Atty., and David W. Harlan, Asst. U. S. Atty., St. Louis, Mo., on brief, for appellee.

Before GIBSON, Chief Judge, BRIGHT and HENLEY, Circuit Judges.

GIBSON, Chief Judge.

After trial by jury, Benjamin L. Goins stands convicted of six counts of an indictment returned by a federal grand jury in St. Louis, Missouri. He appeals, contending that the admission into evidence of out-of-court statements made by Joyce Harlston was in contravention of the Federal Rules of Evidence and denied him the right of confrontation guaranteed by the Sixth Amendment. After a careful review of the record and the briefs and arguments of the parties, we affirm the District Court.[1]

From 1968 until 1977, Benjamin L. Goins was the License Collector for the City of St. Louis, an elective office.[2] The License Collector's duties entailed collecting cigarette taxes of six cents per pack and enforcing city licensing laws. The cigarette tax was collected through wholesale suppliers who affixed a stamp to each pack offered for sale in St. Louis. Retail distributors would then purchase stamped packs for sale. The tax was enforced by city criminal sanctions against those who sold unstamped cigarettes within the city. The vending machine tax was collected through the sale of stickers to be affixed to machines used in the city. The vending tax was enforced, in part, by seizure of machines lacking city license stickers.

Overwhelming evidence was presented by the Government that Goins accepted bribes from Raymond L. Scharf and in return Goins permitted Scharf to sell unstamped cigarettes in unlicensed vending machines

---

1. The Honorable John F. Nangle, United States District Judge, Eastern District of Missouri.

2. At the time of his indictment, Goins was serving as the elected sheriff of the City of St. Louis.

throughout the City of St. Louis.[3] Goins used the funds received from Scharf in part to finance the concealed purchase of a tavern that was then operated by Joyce Harlston. These facts provided the basis for Count I of the indictment which charged Goins with racketeering in violation of 18 U.S.C. §§ 1962(a) and 1963.

The second and third counts related to the grand jury investigation of the foregoing events. Count II charged that Goins violated 18 U.S.C. § 1623 by testifying falsely before the grand jury on March 3, 1977. Count III charged that Goins violated 18 U.S.C. § 1503 on March 3, 1977, by counseling Joyce Harlston to give false and misleading testimony before the grand jury.

The remaining counts alleged criminal violation of the internal revenue laws. Those charged that Goins failed to declare taxable income received as bribes from Scharf and from Joyce Harlston's tavern operation in the years 1973, 1974, and 1975, contrary to the requirements of 26 U.S.C. § 7206(1).

The trial of Goins on the six-count indictment was scheduled to begin on June 12, 1978. On May 26, 1978, Joyce Harlston died; despite this the trial began on schedule and concluded on June 24. Goins was convicted on all six counts and on July 14, 1978, he was sentenced.[4] This appeal followed.

The record discloses that Goins received $34,000 in bribery income of which $15,000 was invested in the tavern operation of Joyce Harlston called Piece of the Rock in which Goins was a silent or concealed partner, that Goins testified falsely to the grand jury about his connection with the tavern operation, and that Goins encouraged Joyce Harlston to give false testimony to the grand jury. Also, Goins failed to pay income tax on any of the bribery income and apparently on any income received from the tavern operation.

Goins' sole contention on appeal is that the admission into evidence of out-of-court statements made by Joyce Harlston was in violation of the Federal Rules of Evidence and the confrontation clause of the Sixth Amendment. Since Harlston had died, her statements were introduced by the testimony of other witnesses. We will first consider the evidentiary claim before reaching the constitutional challenge.

Goins contends that the evidence of statements made by Joyce Harlston was hearsay not falling within recognized exceptions to the hearsay rule as admissible for reasons based on the trustworthiness of the statements. We have carefully considered the written and oral arguments made by Goins' counsel as well as those advanced on behalf of the Government. After doing so it is apparent from the record that the statements of Joyce Harlston were properly admitted under the Federal Rules of Evidence. Goins' objections, however, to some items of testimony merit analysis and consideration in this opinion.

■ Goins challenges the admission of the testimony of Joyce Harlston's daughter and Gregory Hawkins concerning Harlston's statements regarding her testimony before the grand jury. In these statements Harlston stated that she had lied. The Government supports the admission of this testimony as reflecting declarations against

---

3. The record shows that Scharf had cigarette vending machines in approximately 180 locations in the City of St. Louis for which he purchased the following amounts of city-taxed cigarettes: 31,882 cartons in 1972, 15,427 cartons in 1973, only 146 cartons in 1974, and 25,197 cartons in 1975.

In 1976 Scharf was convicted of failure to pay withholding tax in violation of 26 U.S.C. § 7202 and subsequently that same year pleaded guilty to conspiracy to interfere with interstate commerce in violation of 18 U.S.C. § 1951. He received a ten-year concurrent sentence on each conviction.

4. On Count I, Goins was sentenced to five years' imprisonment and fined $3,000. On Count II, Goins was sentenced to one year's imprisonment and fined $1,000. On Count III, Goins was sentenced to one year's imprisonment and fined $1,000. On each of Counts IV, V, and VI, Goins was fined $1,000 and received a suspended sentence of one year's imprisonment with five years' probation. The prison terms on Counts I, II, and III were stated to be consecutive and to be followed by the five-year period of probation. The overall judgments resulted in a seven-year sentence, fines of $8,000, and five years' probation.

penal interest. Fed.R.Evid. 804(b)(3).[5] Goins' only objection to this testimony is based on his view that the making of statements to the declarant's daughter and off-duty policeman friend does not subject the declarant to criminal liability in a real and tangible way, citing *United States v. Hoyos,* 573 F.2d 1111, 1115 (9th Cir. 1978). Actually, the *Hoyos* opinion supports the District Court ruling in the present case. It notes that the admission of such declarations is within the discretion of the trial court. It is also clear from *Hoyos* as well as our own cases that the identity of the party to whom the statement was made is only one of several factors under Fed.R.Evid. 804(b)(3). The rule states the ultimate question as whether "a reasonable man in [the declarant's] position would not have made the statement unless he believed it to be true." Applying that test, there is no reason to doubt the truth of the declarations. The District Court did not abuse its discretion under the Federal Rules of Evidence in admitting this declaration acknowledging the declarant's commission of a criminal act to her daughter. Acknowledgment of criminal activity is generally made only to confidants or to persons in whom the declarant imposes trust.

■ Goins also contends that a statement made by Joyce Harlston when attempting to lease an automobile should have been excluded. The record reveals that at the time Goins admitted that the car would be used by Harlston for business and that she was his business associate or partner. Under these circumstances we do not find that hearsay was involved. The statements were properly admitted pursuant to Fed.R. Evid. 801(d)(2)(A), (B), and (E).[6]

■ Goins asserts prejudice in the admission of a memorandum compiled by Harlston with the assistance of her daughter, Veronica Raiford, listing payments made to Goins from the proceeds of the tavern operation. Under Fed.R.Evid. 803(6),[7] any regularly recorded memorandum made in the routine course of business is admissible to show the occurrence of a particular act or event. The memorandum supplied, noting payments made to Goins by Joyce Harlston, is such a record and substantiates payments of funds from the tavern operation to Goins in the amounts listed. The trial court has broad discretion to determine the admissibility of business records and the admittance of this record fell well within the District Court's discretion. *United States*

---

5. Fed.R.Evid. 804(b)(3) states:
   (b) Hearsay exceptions.—The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
   (3) Statement against interest.—A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

6. Fed.R.Evid. 801(d)(2)(A), (B), and (E) states:
   The following definitions apply under this article:
   (d) Statements which are not hearsay.—A statement is not hearsay if—
   (2) Admission by party-opponent.—The statement is offered against a party and is (A) his own statement, in either his individual or a representative capacity or (B) a state-

ment of which he has manifested his adoption or belief in its truth, or * * * (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.

7. Fed.R.Evid. 803 provides in pertinent part:
   The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
   * * * * * *
   (6) Records of regularly conducted activity. —A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

*v. Page,* 544 F.2d 982, 987 (8th Cir. 1976); *United States v. Pfeiffer,* 539 F.2d 668, 671 (8th Cir. 1976).

In similar fashion several of the remaining statements to which Goins objects were admissions under the subparts of Fed.R. Evid. 801(d)(2).[8]  Other statements by Joyce Harlston were declarations against her interest.  Goins has failed to establish any error under the Federal Rules of Evidence.

■  Despite the correctness of the evidentiary rulings, Goins contends that admission of out-of-court statements of Joyce Harlston violated his right of confrontation guaranteed by the Sixth Amendment. Goins cites *Dutton v. Evans,* 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970); *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); and *Krulewitch v. United States,* 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790 (1949), in support of his constitutional claim.  The *Bruton* rule precludes inadmissible hearsay against the accused, but not all extra-judicial statements are precluded under the confrontation clause. Statements of co-conspirators, as was Joyce Harlston, in conspiring with Goins to conceal his interest in the tavern operation and to evade payment of taxes on the money generated from the tavern operation by concealing Goins' interest in and the investment of some of the bribery proceeds in that operation, would be admissible under the general rule of co-conspirators' statements made in furtherance of the conspiracy.  Harlston also conspired with Goins to thwart the grand jury investigation by giving false testimony regarding the source of funds for the tavern operation and Goins' interest in the tavern.  This court has previously held that when out-of-court statements are properly admitted under an exception to the hearsay rule, *Dutton v. Evans,* 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970), applies.  A case-by-case analysis is required.  *United States v. Scholle,* 553 F.2d 1109, 1119 (8th Cir.), *cert. denied,* 434 U.S. 940, 98 S.Ct. 432, 54 L.Ed.2d 300 (1977). As we stated there:

A highly relevant consideration is the degree of prejudice imposed upon the fact-finding process by the declarant's non-availability.  We should consider whether the out-of-court statement bears traditional indicia of reliability, whether it was crucial to the government's case, whether the jury had an opportunity to weigh the credibility of the extrajudicial statement, and whether appropriate instructions were given by the trial judge.

In adhering to these principles, this court has held that the *Bruton* rule is not violated and an accused's right of confrontation is not abridged when the extrajudicial statement of a co-defendant is properly admitted as a declaration by a co-conspirator in the course of and in furtherance of the conspiracy, provided the statement satisfies the standards set forth above.

553 F.2d 1109, 1119–20 (citations omitted).

■  Applying these principles we conclude that Goins' right of confrontation was not denied by the admission of out-of-court statements of Joyce Harlston.  In each case the context of the statement and the identity of the person spoken to supported the reliability of the statement.  No motive for lying by Harlston in the out-of-court statements has been shown.  No problem of memory, perception, or expression is indicated.  We also note that much of the content of the statements was reinforced by other evidence including admissions made by Goins and documents he signed.  The keystone of the prosecution, Count I dealing with Goins' receipt of bribes, was established by the testimony of Scharf, the man who paid the bribes.  The other counts were also established by evidence other than Harlston's statements.  In these circumstances, the out-of-court statements with clear indicia of reliability were properly admitted to enhance the truth-finding function of the trial.

Judgment affirmed.

8.  Several of the statements were co-conspirator's admissions.  The conspiracy that included Goins and Harlston was to defraud the United States and obstruct the collection of Goins' federal income tax.  *See* rule quoted, note 6 *supra.*