638 P.2d 1080

STATE of New Mexico, Petitioner,

v.

James Edward EWING, Respondent.

No. 13656.

Supreme Court of New Mexico.

Jan. 6, 1982.

Jeff Bingaman, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for petitioner.

Michael Gernsheimer, Santa Fe, for respondent.

## OPINION

RIORDAN, Justice.

Defendant James E. Ewing (Ewing) was convicted of second degree murder, with firearm enhancement. Ewing claimed that he acted in self-defense.

Ewing with his girl friend had gone to the victim's apartment to inform the victim to stop making sexual advances to Ewing's wife. An argument started. Ewing then followed the victim into the kitchen. Both men struggled to get a gun that was in a cabinet. Ewing, able to grab the gun first, started shooting at the victim.

The issues on appeal are:

1) Whether the trial court abused its discretion in refusing to admit evidence of the thirty-two and thirty-three year old prior convictions of the victim.

2) Whether the trial court abused its discretion in disallowing the defense attorney's cross-examination of a character witness concerning the victim's convictions.

3) Whether the trial court abused its discretion in allowing the State to introduce the deposition of a witness.

The Court of Appeals reversed the trial court. We granted certiorari; and we reverse the Court of Appeals.

## I. *Admission of prior convictions*

Ewing's attorney offered certified documents showing the victim's prior convictions for aggravated assault with a deadly weapon in 1947 and voluntary manslaughter in 1948. Ewing asserts that when self-defense is raised as a defense, the convictions are relevant on the issues of who was the first aggressor and the defendant's reasonable apprehension of harm. Ewing did not testify; however, his version of what happened was introduced into evidence by the prosecution in a written statement and a recorded confession. In both statements, Ewing stated that he knew that the victim had already "shot a few people." The trial court refused to admit the certified documents, concluding that the convictions were too old.

■ The killing of another person is justifiable if the killing was to protect one from great personal injury. § 30–2–7(A)–(B), N.M.S.A.1978. When proving self-defense, the victim's character or behavior may be shown by the defendant. New Mexico Evidence Rule 404(a), N.M.S.A.1978, states:

Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except: ...

(2) CHARACTER OF VICTIM—Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor ....

Although the defendant may introduce evidence of the general reputation of the victim for lawless and violent character, the defendant ordinarily cannot introduce specific acts of such violence. *State v. McCarter*, 93 N.M. 708, 604 P.2d 1242 (1980). However, an exception to this rule was reiterated by Justice Federici in *State v. McCarter, supra:*

[T]his Court [has] held that evidence of specific acts of violence on the part of the deceased could be introduced by a defendant if there was evidence that the defendant had been informed of, or had knowledge of, those acts at the time of the homicide. Such evidence would have some bearing on the reasonableness of defendant's apprehension for his life.

*Id.* at 712, 604 P.2d at 1246.

■ Ewing's statements stated that he knew that the victim had "shot a few people"; however, since he chose not to testify, and there is no other evidence to show that Ewing knew of these specific acts, they cannot be admitted. Even if Ewing were to testify that he knew specifically of the convictions, the evidence of specific acts is not automatically admissible. *Id.* Admissibility of relevant evidence is within the discretion of the trial judge.

In determining admissibility of relevant evidence, the trial judge must evaluate the evidence pursuant to New Mexico's Rule of Evidence 403, N.M.S.A.1978; which reads:

Although relevant, evidence may be excluded if its probative value is substan-

tially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.

The exclusion or admission of relevant evidence is a matter within the sound discretion of the trial court. *State v. Marquez*, 87 N.M. 57, 529 P.2d 283 (Ct.App.), *cert. denied*, 87 N.M. 47, 529 P.2d 273 (1974).

■ The trial court excluded evidence of the convictions because they were too old; its limited probative value was greatly outweighed by its prejudicial effect. An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. *State v. Brionez*, 91 N.M. 290, 573 P.2d 224 (Ct. App.), *cert. denied*, 91 N.M. 249, 572 P.2d 1257 (1977). We will not disturb the trial court's determination unless there is a clear abuse of that discretion. *State v. Marquez, supra.* We have reviewed the record in this case and find no abuse of the trial court's discretion in excluding evidence of the thirty-two and thirty-three year old convictions.

## II. *Cross-Examination of Character Witnesses*

■ In rebuttal to the defendant's witnesses that testified to the violent nature of the victim, the State called a witness that testified that the victim was a "fantastic man" and "good friend" that "got along with everybody." The witness had known the victim for three and one-half years. On cross-examination, the defense counsel attempted to question the witness about the victim's thirty-two and thirty-three year old convictions pursuant to New Mexico Evidence Rule 405(a), N.M.S.A.1978, which reads:

In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into *relevant*

*specific instances of conduct.* [Emphasis added.]

The trial judge did not allow specific questions concerning the prior convictions; however, defense counsel was allowed to ask the witness if she had heard of any prior convictions of the victim to which she answered "no".

On cross-examination, it is within the trial judge's discretion to exclude evidence. The trial court in its discretion may exclude inquiry of convictions such as these that are so remote, unless recent misconduct causes a revival. *Michelson v. United States*, 335 U.S. 469, 484, 69 S.Ct. 213, 222, 93 L.Ed. 168 (1948).

Although such convictions are relevant and the proper subject for cross-examination, it is within the trial judge's discretion to exclude them. The defendant argues that the victim's recent conduct *revived* the conviction; however, it was within the trial judge's discretion to determine whether there was a revival that would allow the witnesses to be cross-examined about the convictions. The limits of cross-examination are within the discretion of the trial court and will be disturbed on appeal *only* if that discretion is abused. *State v. Wesson*, 83 N.M. 480, 493 P.2d 965 (Ct.App.1972). We find no abuse of discretion.

### III. *Deposition Evidence*

■ Selected passages of a deposition of Ewing's girl friend, a State's witness, were read to the jury. Originally, the district attorney's investigator encountered considerable difficulty in finding the witness to serve her with subpoenas for the grand jury and later for her deposition. When serving the witness for the grand jury, the investigator contacted the witness by phone and told her he would be over in the afternoon to serve her. He went over right away instead and found that the witness was leaving, apparently trying to avoid service. Later, when the investigator tried to serve her with a subpoena for the deposition, she had moved from the previous address. He checked another address, schools, the wel-

fare office and talked to neighbors before he was finally able to serve her. The deposition took two days, and the witness was kept in jail overnight to insure her appearance the second day. She was represented by counsel at the deposition, as was the defendant who cross-examined the witness. After the deposition, the witness was instructed to inform the district attorney's office if she moved and to give them her new address. She did neither.

When it was time for trial, the investigator again tried to serve the witness with a subpoena. He went only to the new address that the witness had given at the time of the deposition. This was the same address at which the investigator had previously known she was staying. The investigator testified that there were indications that *no one* lived there. He also testified that he had no other leads to try and locate the witness.

The trial judge allowed a portion of the deposition to be read to the jury. New Mexico Rule of Criminal Procedure 29(n), N.M.S.A.1978 (Supp.1981), provides for the use of depositions in criminal proceedings:

At the trial, or at any hearing, any part or all of a deposition may be used as evidence if:

(1) the witness is unavailable, as unavailability is defined in Paragraph (a) of Rule 804 of the Rules of Evidence . . . .

Under New Mexico Evidence Rule 804(a), N.M.S.A.1978, " '[u]navailability as a witness' includes situations in which the declarant: . . . (5) is absent from the hearing and the proponent of [her] statement has been unable to procure [her] attendance by process or other reasonable means." The burden is upon the State to prove the unavailability of its witness. *See State v. Vialpando*, 93 N.M. 289, 599 P.2d 1086 (Ct.App.), *cert. denied*, 93 N.M. 172, 598 P.2d 215 (1979). When determining whether the State was diligent in attempting to produce a witness for trial, the trial court may take into consideration the totality of the circumstances. *Id.* It is obvious that the

witness did not want to testify. The investigator had considerable difficulty in serving her for the grand jury and for her deposition. The record in this case shows diligence by the State in attempting to subpoena the defendant's girlfriend to be called as a State's witness at trial. We find that the trial court did not err in allowing selected passages of the deposition to be read to the jury.

We reverse the Court of Appeals and affirm the conviction and sentence of the defendant.

IT IS SO ORDERED.

EASLEY, C. J., SOSA, Senior Justice, and PAYNE and FEDERICI, JJ.