721 P.2d 408

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Robert HUERTA, Defendant-Appellant.**

**No. 9033.**

Court of Appeals of New Mexico.

June 12, 1986.

Paul G. Bardacke, Atty. Gen., Bill Primm, Ass't Atty. Gen., Santa Fe, for plaintiff-appellee.

Hollis A. Whitson, Albuquerque, for defendant-appellant.

## OPINION

FRUMAN, Judge.

Defendant has appealed his conviction for forgery. Our first calendaring notice proposed summary affirmance. Defendant filed a memorandum in opposition and motion to amend the docketing statement. Our second calendaring notice granted the motion to amend and proposed summary reversal and remand for a new trial. The state filed a memorandum in opposition, and this case was reassigned to the limited calendar. We reverse and remand for a new trial.

Defendant bases his appeal on two issues: (1) that the admission of the hearsay statements of an unavailable witness was a denial of his right to confront and cross-examine the witness against him; and (2) that the admission of those hearsay statements was reversible error. Because we agree with the second issue and it is dispositive, we need not consider the first issue.

**Testimony**

The first witness, Lawrence Hittle, owner of Larry's TV Lab in Roswell, identified defendant as having been to his place of business in the company of a woman. Hittle state that defendant was the purchaser of a VCR, that defendant presented Hittle with what defendant claimed to be his paycheck, that defendant identified himself as Jaye Roye, and that defendant claimed to have lost his identification but that he had relatives in town who could vouch for his identity. The accompanying woman told Hittle that she was Jaye Roye's wife.

Defendant and the woman left Hittle's store and returned sometime later in the company of a man who identified himself as Edward V. Romero and who vouched that defendant was Jaye Roye.

Hittle then took the paycheck, which had been endorsed by "Jaye Roye" and "Daniel Samora" on the back, and gave defendant a VCR and cash for the balance of the check. Hittle did not witness the signing of the endorsements. Hittle testified that the check was returned because payment was stopped, and that he had not received compensation for the merchandise.

A second witness, a uniformed policeman, testified only as to his receipt of the paycheck and the bill of sale during his investigation of the offense.

The final witness, James Farris, an investigator for the Roswell Police Department, stated that he was called by the Artesia Police Department to assist with the interrogation of Cecilia Rodriguez, a suspect in this case. Officer Farris advised Rodriguez of her rights, and she agreed to talk to him. Officer Farris also stated that Rodriguez was given immunity from prosecution in this case.

Rodriguez claimed that she had written the two endorsements on the back of the check and that she knew defendant and had lived with him. Rodriguez said that she was with defendant on January 1, 1985, when the offense was committed, that they made several unsuccessful attempts to cash the check, that she went with defend-

ant to the shop where the VCR was purchased, and that she induced Romero to vouch for her and defendant.

**Objections**

After Officer Farris testified that Rodriguez stated that she had written the endorsement, he was asked by the state whether she knew defendant. Defendant immediately objected on the grounds of hearsay. A bench conference then followed, where defendant claimed that all of Rodriguez' statements were hearsay and should be excluded. Defendant sought to limit the testimony solely to statements that were against Rodriguez' own self-interest. The objection was overruled, and Officer Farris was permitted to present the previously outlined statements of Rodriguez regarding defendant.

**Hearsay Exceptions—Declarant Unavailable—Statement Against Interest**

■ Defendant claims that the statements attributed to Rodriguez, as presented by Officer Farris, were not admissible pursuant to NMSA 1978, Evid.R. 804(b)(4) (Repl.Pamp.1983), resulting in reversible error.

Rule 804(b)(4) creates an exception to the hearsay rule if the declarant is unavailable as a witness and the declarant's statement, when made, "so far tended to subject him to * * * criminal liability * * * that a reasonable man in his position would not have made the statement unless he believed it to be true." We note that the state and defendant stipulated that Rodriguez, the declarant, was unavailable for trial.

We agree with the state that the trial court has discretion in ruling on the admissibility of statements as being exceptions to the hearsay rule, *State v. Maestas*, 92 N.M. 135, 584 P.2d 182 (Ct.App.1978), and, after examining the cases discussed in this opinion, we also find that their consistent, underlying theme is that the discretion must be based upon an informed, reasoned analysis of the trustworthiness of the hearsay testimony. To perform that analysis, a proper foundation must be laid. *See State v. Self,* 88 N.M. 37, 536 P.2d 1093 (Ct.App. 1975).

■ Essentially, the proper foundation must show circumstances which indicate that the statement sought to be admitted was clearly against the penal interest of the declarant. *United States v. Gonzales,* 559 F.2d 1271 (5th Cir.1977). The proper foundation in this instance must have shown that the statement of Rodriguez to Officer Farris, at the time of its making, tended to subject her to criminal liability. Evid.R. 804(b)(4); *United States v. Gonzales; State v. Self.*

■ We note that several federal circuits have adopted a three-prong test for the admissibility of inculpatory declarations against interest. The test, developed in *United States v. Alvarez,* 584 F.2d 694 (5th Cir.1978), requires that the corroboration essential for the admission of exculpatory statements also be demonstrated when a party seeks to introduce inculpatory statements. *United States v. Riley,* 657 F.2d 1377, 1383 n. 7 (8th Cir.1981), *cert. denied,* 459 U.S. 1111, 103 S.Ct. 742, 74 L.Ed.2d 962 (1983).

The foundation required by the *Alvarez* test is: (1) the declarant is unavailable as a witness; (2) the statement must so far tend to subject the declarant to criminal liability that a reasonable person in the declarant's position would not have made the statement unless he or she believed it to be true; (3) corroborating circumstances indicate the trustworthiness of the statement. *United States v. Sarmiento-Perez,* 633 F.2d 1092, 1101 (5th Cir.1981).

The third requirement, that of "corroborating circumstances," constitutes the federal judiciary's attempt to reconcile the evidentiary requirements of Fed.R.Evid. 804(b)(3), equivalent to New Mexico's 804(b)(4), with the "indicia of reliability" required by the confrontation clause. *United States v. Riley; see* discussion, *United States v. Sarmiento-Perez,* at 1099–1102.

On the surface, the statements made by Rodriguez seemingly were against her penal interest, and a circumstantial guarantee

of reliability attached to those statements, based on the assumption that persons do not make such self-damaging statements unless satisfied for good reason that they are true. *See* Fed.R.Evid. 804(b)(3) advisory committee note, exception (4).

On further examination, however, we find that insufficient evidence was presented to allow the court to make the threshold determination of whether those statements were indeed against Rodriguez' penal interest. For example, although we do know that Rodriguez was interrogated by police authorities and advised of her rights, we do not know whether she was in custody at that time. We do not know whether Rodriguez was charged, or whether she sought or obtained immunity from prosecution before she made the statements. There is no information concerning whether she had sought nonprosecutorial arrangements for other crimes, either prior to or while making her statements.

Without this foundation, the trial court did not have the information necessary to determine whether the hearsay statements actually were against Rodriguez' penal interest. *See State v. McGee*, 95 N.M. 317, 621 P.2d 1129 (Ct.App.1980); *State v. Self*; *United States v. Riley* (declarant implicated herself in criminal conduct by admitting to prostitution. However, she had also been told that a prostitution conviction could jeopardize her custody of her child, and she was physically afraid of and wanted to leave the defendant); *United States v. Sarmiento-Perez* (declarant made a custodial confession, given under potentially coercive circumstances. He had a desire to alleviate culpability by implicating others, and had a desire for revenge. Finally, he was allowed to plead guilty to one of five criminal counts); *United States v. Oliver*, 626 F.2d 254 (2nd Cir.1980) (declarant may have been motivated by a desire to gain government favor to obtain either release or a reduced sentence rather than face the prospect of up to 25 years in jail for his participation in a bank robbery); *United States v. Mackin*, 561 F.2d 958 (D.C.Cir.), *cert. denied*, 434 U.S. 959, 98 S.Ct. 490, 54 L.Ed.2d 319 (1977) (declarant may have

wished to impress her probation officer with her "rehabilitation," and her recantations were found to be confusing); *United States v. Gonzales* (declarant had first been convicted and given immunity, and so his statements could not subject him to criminal liability. Also, it may have been in his best interest to testify because of pressures imposed by the prosecutor and the grand jury and the threat of contempt charges).

The common thread running through these federal cases, which rely solely on the evidentiary rule, is that statements given while in custody, or in exchange for immunity, or under assurances of reduced charges, or to otherwise curry favor, may have been *in* the best interests of the declarant, and are not necessarily *against* those interests. Thus, absent a showing by the State of particularized guarantees that the statements were trustworthy, they should not have been introduced through Evid.R. 804(b)(4) to prove the truth of the matters being offered in this case. *State v. Self*.

Before we can find that the admission of the hearsay was harmless error, we must be able to first find that the other admissible evidence was so overwhelming that the hearsay did not contribute to the conviction. *State v. Self*; *see also State v. Thurman*, 84 N.M. 5, 498 P.2d 697 (Ct.App. 1972). In this instance, the direct testimony of Hittle, standing alone, cannot be viewed as being overwhelmingly sufficient to prove the crime of forgery against defendant. *State v. Self*.

Accordingly, defendant's conviction is reversed and the cause remanded for a new trial.

IT IS SO ORDERED.

MINZNER and GARCIA, JJ., concur.