894 P.2d 1014

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**David Lewis GUTIERREZ,
Defendant–Appellant.**

**No. 15376.**

Court of Appeals of New Mexico.

Feb. 7, 1995.

Certiorari Denied April 26, 1995.

Tom Udall, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Dorothy C. Sanchez, Albuquerque, for defendant-appellant.

*OPINION*

HARTZ, Judge.

Defendant appeals his convictions on charges of armed robbery, aggravated burglary, and assault with intent to commit a violent felony arising from the robbery of the Graves service station and convenience store on 20th Street in Farmington. Defendant raises three issues on appeal: (1) whether the district court erred in refusing to quash the indictment, (2) whether he was subjected to double jeopardy by being convicted and sentenced for both armed robbery and assault with intent to commit a violent felony, and (3) whether the district court erred in admitting a hearsay statement that identified Defendant as the perpetrator of the robbery. We remand to the district court with directions to vacate the conviction for assault with intent to commit a violent felony but affirm the judgment below in all other respects.

## I. ISSUES DECIDED SUMMARILY

■ The first two issues require little discussion. Defendant contends that the district court abused its discretion in denying his motion to quash the indictment. He based the motion to quash on the alleged failure of the district attorney to notify him that he was a target of the grand jury. The record reveals, however, that Defendant did not demonstrate any prejudice arising from the claimed lack of notice. Therefore, the motion to dismiss had no merit. *See State v. Dominguez,* 115 N.M. 445, 456, 853 P.2d 147, 158 (Ct.App.), *cert. denied sub nom.,* 115 N.M. 409, 852 P.2d 682 (1993).

Defendant fares better on his second issue. The State concedes that Defendant is entitled to vacation of the conviction of aggravated assault with intent to commit a violent felony. *See State v. Pierce,* 110 N.M. 76, 87, 792 P.2d 408, 419 (1990). We therefore remand to the district court to vacate that conviction.

## II. HEARSAY EXCEPTION FOR STATEMENTS AGAINST PENAL INTEREST

The remaining issue raised by Defendant is whether the district court erred in allowing Juliette Hoffman to testify to a statement made to her by Rachel Martinez, Defendant's girl friend. At trial Defendant objected that the statement was hearsay and that no foundation for admission had been laid. The State argued that the statement was admissible under the hearsay exception for statements contrary to penal interest. *See* SCRA 1986, 11–804(B)(4) (Repl.1994). A hearsay statement is admissible under Rule 11–804(B)(4) if (1) the declarant is unavailable as a witness and (2) the statement "at the time

of its making ... so far tended to subject the declarant to ... criminal liability ... that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." *Id.* Defendant contends that neither requirement was satisfied.

■ On appeal we need consider only those arguments against admissibility that were raised by Defendant in the district court. *See* SCRA 1986, 12–216(A) (Cum. Supp.1994). Unfortunately, we cannot determine what Defendant argued below. The bench conference regarding the objection is incomprehensible on the trial tape recording, which is the sole record of the proceeding. For purposes of this appeal, defense counsel should have prepared a statement of proceedings reconstructing what occurred at the bench conference. SCRA 1986, 12–211(H) (Repl.Pamp.1992). Counsel's failure to attempt to reconstruct the record could cause this Court to impose sanctions, including refusal to consider an issue on the ground that there is no record that the issue was preserved for appeal. *Cf. State v. Moore,* 87 N.M. 412, 534 P.2d 1124 (Ct.App.1975) (when trial record could not be reconstructed, new trial was required because unavailability of record would deprive defendant of constitutional right to appeal). On this occasion we only issue a warning of the potential consequences of such a failure in the future. We assume that Defendant preserved below all the arguments he raises on appeal.

### A. Unavailability

■ We first address the unavailability requirement. Under the rule a declarant is unavailable if she "is absent from the hearing and the proponent of a statement has been unable to procure [her] attendance by process or other reasonable means." SCRA 11–804(A)(5). Detective Peter Doerfert testified as follows regarding Martinez's unavailability as a witness: She had been served with a subpoena for an earlier proceeding against Defendant, but she did not appear. He had unsuccessfully attempted to locate her in Farmington. There was an outstanding warrant for her arrest and an all points bulletin had been issued. Because he had an address for her in Las Cruces, he sought help from the Las Cruces police department, but the department was unable to locate her. He had also asked a partner to contact police in Albuquerque to look for her. Because the district court could find that this evidence established a reasonable effort to procure Martinez's attendance at the trial, it did not commit error in ruling that she was unavailable. *See State v. Ewing,* 97 N.M. 235, 238–39, 638 P.2d 1080, 1083–84 (1982).

### B. Penal Interest

We now turn to the second requirement for admissibility—that the statement was against the declarant's penal interest. Hoffman testified about a conversation during which Martinez, her close friend, identified Defendant as the perpetrator of the armed robbery. The subject of the robbery arose when Hoffman asked Martinez to accompany her to court, apparently on another matter. Martinez responded that she did not want to go because she was supposed to take a polygraph test and "was trying to run away from it." When Hoffman asked why Martinez needed to take the test, Martinez explained that it related to an armed robbery on 20th Street. Martinez said that she, Defendant, Vanessa Durfee, and a fourth, unnamed person were together in Durfee's car when they planned the robbery of the Graves convenience store. After they drove to the store, Martinez and Durfee stayed in the car while Defendant and the fourth person went into the store. Martinez also told Hoffman that Defendant had a knife when he went into the store.

■ Under Rule 11–804(B)(4) the statement implicating the declarant in criminal activity must be made in such circumstances that a reasonable person would not falsely make the admission. Interpreting Federal Rule of Evidence 804(b)(3), which is virtually identical to our Rule 11–804(B)(4), a federal appellate court explained:

> The Rule does not require that the declarant be aware that the incriminating statement subjects him to immediate criminal prosecution. Rather, it simply requires that the incriminating statement sufficiently "tended" to subject the declarant to criminal liability "so that a reasonable man

in his position would not have made the statement unless he believed it to be true." *United States v. Lang,* 589 F.2d 92, 97 (2d Cir.1978) (admitting statement made to person to whom declarant had recently sold counterfeit bills). The trial court must, in light of the circumstances surrounding the statement, make an informed, reasoned analysis of its trustworthiness. *See State v. Huerta,* 104 N.M. 340, 342, 721 P.2d 408, 410 (Ct.App.1986). We defer to the sound discretion of the trial court in conducting this analysis. *See State v. Johnson,* 99 N.M. 682, 687, 662 P.2d 1349, 1354 (1983).

■ The identity of the person to whom the statement was made may be a critical factor. *See United States v. Bagley,* 537 F.2d 162, 165 (5th Cir.1976), *cert. denied,* 429 U.S. 1075, 97 S.Ct. 816, 50 L.Ed.2d 794 (1977). The Advisory Committee Note to Federal Rule of Evidence 804 states:

> [A] statement admitting guilt and implicating another person, made while in custody, may well be motivated by a desire to curry favor with the authorities and hence fail to qualify as against interest.... On the other hand, the same words spoken under different circumstances, *e.g.,* to an acquaintance, would have no difficulty in qualifying.

Although a statement acknowledging criminal activity to a friend or confidante may well not be repeated to police authorities, *see United States v. Matthews,* 20 F.3d 538, 546 (2d Cir.1994) (statements volunteered to girl friend in private recesses of their home with "no reason to expect that his admission would ever be disclosed to the authorities"), such a statement is sufficiently against self-interest that a reasonable person is unlikely to make it unless it is true. Thus, federal and state courts have regularly admitted statements to acquaintances under the penal interest exception to the hearsay rule. *See id.; United States v. Katsougrakis,* 715 F.2d 769, 776 (2d Cir.1983) (trustworthiness shown by lack of any "persuasive showing that [the declarant] had an ulterior motive when con-

versing with his friend"), *cert. denied,* 464 U.S. 1040 (1984); *United States v. Brainard,* 690 F.2d 1117, 1125 (4th Cir.1982) (statement to secretary); *United States v. Hamilton,* 19 F.3d 350, 357 (7th Cir.) (declarant's statements made to a cell mate with whom he discussed legal strategy at length), *cert. denied,* —— U.S. ——, 115 S.Ct. 480, 130 L.Ed.2d 394 (1994); *United States v. Goins,* 593 F.2d 88, 91 (8th Cir.) ("Acknowledgement of criminal activity is generally made only to confidants or to persons in whom the declarant imposes trust."), *cert. denied,* 444 U.S. 827, 100 S.Ct. 52, 62 L.Ed.2d 35 (1979); *Maugeri v. State,* 460 So.2d 975, 978 (Fla. Dist.Ct.App.1984) (statement to girl friend); *cf. Bagley,* 537 F.2d at 165 ("We do not think that a reasonable man would falsely admit the commission of a serious crime to his cell mate, knowing that there was a chance, even if slight, that this admission could be used to convict him[.]"). *But see United States v. Battiste,* 834 F.Supp. 995, 1006–07 (N.D.Ill. 1993); *United States v. Dillon,* 18 M.J. 340, 344–45 (C.M.A.1984). One reason for judicial comfort with admissions of criminal activity to friends is that the statements are unlikely to be coerced or otherwise improperly extracted and are unlikely to be motivated by a wish to curry favor with authorities. *See Matthews,* 20 F.3d at 546. In a recent ruling that a hearsay declaration was inherently reliable, our Supreme Court noted that the declaration was "made in the course of confidential discussions between close friends." *State v. Williams,* 117 N.M. 551, 561, 874 P.2d 12, 22 (1994).

■ Here, Martinez made the statement implicating herself, along with Defendant and two others, to a friend in whom she often confided. Her statement could expose her to criminal prosecution. The district court could properly find that a reasonable person would not have made the statement unless she believed it to be true. Therefore, admission of the statement under Rule 11–804(B)(4) was not an abuse of discretion.[1]

1. We recognize that under *Williamson v. United States,* —— U.S. ——, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994), it may have been proper to exclude from evidence portions of Martinez's statement. Defendant, however, did not raise on

appeal the issue considered in *Williamson,* and there is no indication that the issue was raised below. In this circumstance we will not rely on *Williamson* to reverse. *See State v. Barraza,* 110

Defendant points to evidence at trial that was inconsistent with the hearsay statement. But there is neither a legal nor factual basis for excluding the statement on the ground that it was not corroborated as trustworthy by other evidence of the crime. Rule 11–804(B)(4) requires that "corroborating circumstances clearly indicate the trustworthiness of the statement" only when the statement is "offered to *exculpate* the accused." (Emphasis added.) Although the circumstances surrounding the making of the statement are certainly relevant in determining whether a reasonable person would falsely make the statement, other types of evidence corroborating or contradicting the hearsay statement are irrelevant to admissibility of a statement *incriminating* the accused. *Huerta,* 104 N.M. at 342, 721 P.2d at 410, may appear to require such corroborating evidence. But *Huerta* relied on federal cases that based this requirement on the Confrontation Clause, U.S. Const. amend. VI, and those cases have since been undercut by *Idaho v. Wright,* 497 U.S. 805, 822, 110 S.Ct. 3139, 3150, 111 L.Ed.2d 638 (1990) ("To be admissible under the Confrontation Clause, hearsay evidence used to convict a defendant must possess indicia of reliability by virtue of its inherent trustworthiness, not by reference to other evidence at trial."). Indeed, the federal circuit that produced the leading opinion, *United States v. Alvarez,* 584 F.2d 694 (5th Cir.1978), which was relied upon by *Huerta,* 104 N.M. at 342, 721 P.2d at 410, has recognized that, after *Wright,* such corroborating evidence is irrelevant. *See United States v. Flores,* 985 F.2d 770, 774–75 (5th Cir.1993). We therefore limit *Huerta* accordingly. *See State v. Nielsen,* 316 Or. 611, 853 P.2d 256 (1993) (en banc) (adopting same approach). Moreover, even if we were to consider corroborating and contradictory evidence other than the circumstances under which the hearsay statement was made, there was ample corroboration of Martinez's statement in this case.

Insofar as Defendant argues that Hoffman's testimony was unreliable, he is not raising a hearsay issue. Hoffman was present in court and subject to cross-examination.

N.M. 45, 48, 791 P.2d 799, 802 (Ct.App.), *cert.*

The witness's reliability is irrelevant to the admissibility of the statement by the declarant. *See Williams,* 117 N.M. at 561, 874 P.2d at 22.

Finally, we reject Defendant's contention that admission of the hearsay statement violated his constitutional right to confront his accusers. The statement was sufficiently reliable to satisfy the Confrontation Clause. *See State v. Earnest,* 106 N.M. 411, 412, 744 P.2d 539, 540, *cert. denied,* 484 U.S. 924, 108 S.Ct. 284, 98 L.Ed.2d 245 (1987); *Matthews,* 20 F.3d at 544–46; *Flores,* 985 F.2d at 780 (statements against penal interest "made to a personal acquaintance in a noninvestigatory context where the setting suggests no motive to speak falsely" are likely to be sufficiently trustworthy); *Maugeri,* 460 So.2d at 977–79.

For the foregoing reasons, the convictions for armed robbery and aggravated burglary are affirmed. We remand to the district court with directions to vacate the conviction of assault with intent to commit a violent felony and for entry of an amended judgment and sentence consistent with this opinion.

**IT IS SO ORDERED.**

BLACK and FLORES, JJ., concur.

*denied,* 109 N.M. 704, 789 P.2d 1271 (1990).