1999-NMCA-042

976 P.2d 1027

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Raul URIAS, Defendant–Appellant.**

No. 18768.

Court of Appeals of New Mexico.

Jan. 25, 1999.

Tom Udall, Attorney General, Ann M. Harvey, Assistant Attorney General, Santa Fe, for Appellee.

Bruce A. Larsen, Hobbs, for Appellant.

*OPINION*

APODACA, Judge.

{1} Defendant appeals the trial court's judgment and sentence entered after his jury conviction for trafficking cocaine, a controlled substance. *See* NMSA 1978, § 30–31–20 (1990). He contends that the trial court erred by excluding testimony of an attorney concerning statements made by a co-defendant that exculpated Defendant. We disagree and hold that the exclusion of such testimony was not error because corroborating circumstances did not exist to show the trustworthiness of the statements. We therefore affirm.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

{2} Before his jury trial, Defendant made an offer of proof in support of the

proposed testimony concerning the co-defendant's statements. Defendant argued that the testimony was admissible under Rule 11–804 NMRA 1998 (providing hearsay exceptions where the declarant is unavailable). He reasoned that the co-defendant was unavailable and his statements subjected him to criminal liability. *See* Rule 11–804(A), (B)(3). Defendant also argued that attempts to subpoena the co-defendant were unsuccessful. Additionally, there was a bench warrant for the co-defendant because of his failure to appear in another proceeding.

{3} The attorney was sworn as a witness and testified that he formerly represented Defendant in the case resulting in this appeal. He stated that Defendant and the co-defendant came to his office together. The co-defendant visited the attorney concerning representation because he was considering firing his own counsel. The attorney stated that he began to explain possible conflict-of-interest problems in representing the two defendants for the charges pending against them. He testified that he warned the co-defendant that any statements made by him could lead to his conviction in connection with pending charges. The attorney said that the co-defendant claimed he was aware of his actions, was solely responsible for them, and wanted to come forward because Defendant was not involved in the cocaine transaction.

{4} The attorney did not believe that the attorney-client privilege protected the co-defendant's statements because the co-defendant stated that he would cooperate to absolve Defendant. Additionally, the attorney believed that the privilege ran solely to his client. The trial court, however, disagreed. The court also held that sufficient evidence did not corroborate the trustworthiness of the co-defendant's statement because the only corroborating evidence would be Defendant's confirmation. Consequently, the trial court ruled that the statements made by the co-defendant to the attorney were inadmissible.

## II. DISCUSSION

### A. Standard of Review

■ {5} In claiming reversible error, Defendant must show not only that the trial court abused its discretion in excluding the attorney's testimony but also that the error prejudiced Defendant. *See State v. Jett*, 111 N.M. 309, 312, 805 P.2d 78, 81 (1991) ("An evidentiary ruling within the discretion of the court will constitute reversible error only upon a showing of an abuse of discretion and a demonstration that the error was prejudicial rather than harmless." (citations omitted)).

### B. The Co–Defendant's Statements to the Attorney

■ {6} Defendant argues that the attorney's testimony concerning the co-defendant's statements was admissible under Rule 11–804(A), (B)(3). Under this rule, inculpatory declarations against interest are admissible if:

> (1) the declarant is unavailable as a witness; (2) the statement must so far tend to subject the declarant to criminal liability that a reasonable person in the declarant's position would not have made the statement unless he or she believed it to be true; (3) corroborating circumstances indicate the trustworthiness of the statement.

*State v. Huerta*, 104 N.M. 340, 342, 721 P.2d 408, 410 (Ct.App.1986). At issue in this appeal is whether corroborating circumstances indicated the trustworthiness of the co-defendant's statements. The purpose of the corroboration requirement is to circumvent fabrication. *See State v. Anaya*, 89 N.M. 302, 304, 551 P.2d 992, 994 (Ct.App.1976).

■ {7} Construction of Fed.R.Evid. 804(b)(3), which is nearly identical to Rule 11–804(B)(3), guides our analysis. *See State v. Gutierrez*, 119 N.M. 658, 660–61, 894 P.2d 1014, 1016–17 (Ct.App.1995) (considering interpretation of Federal Rule of Evidence 804(b)(3) in applying New Mexico's hearsay exception for statements contrary to penal interest). To assess the corroborating circumstances of a statement, we evaluate:

> (1) whether the declarant had at the time of making the statement pled guilty or was still exposed to prosecution for making the statement, (2) the declarant's motive in making the statement and whether there was a reason for the declarant to lie, (3)

whether the declarant repeated the statement and did so consistently, (4) the party or parties to whom the statement was made, (5) the relationship of the declarant with the accused, and (6) the nature and strength of independent evidence relevant to the conduct in question.

*United States v. Lowe*, 65 F.3d 1137, 1146 (4th Cir.1995) (quoting *United States v. Bumpass*, 60 F.3d 1099, 1102 (4th Cir.1995)).

{8} Defendant asserts that the co-defendant's statements were tantamount to a voluntary confession made without threat or coercion in the presence of Defendant. We agree with the State, however, that Defendant's presence did not provide corroborating circumstances of trustworthiness. The co-defendant was also charged with trafficking cocaine in connection with the sale forming the basis for the charge against Defendant. Although the co-defendant's statement could have exposed him to prosecution, he fled the State's jurisdiction. *See United States v. Rhodes*, 713 F.2d 463, 473 (9th Cir.1983) (considering declarant's unavailability due to invocation of right against self-incrimination under U.S. Const. amend. V in evaluating corroborating circumstances of trustworthiness). Fleeing the State's jurisdiction not only reduced the co-defendant's risk of prosecution but also eliminated the check of cross-examination. *See Lowe*, 65 F.3d at 1146 (considering lack of cross-examination in assessing the corroborating circumstances of a statement).

{9} According to the attorney, no threats were made against the co-defendant and he confessed because he claimed Defendant was innocent. There was no evidence adduced, however, that the attorney investigated the co-defendant's claim of sole responsibility or that he inquired if coercion or other reasons motivated the co-defendant to shield Defendant. *See id.* (implying that declarant had a motive to lie because he and defendant were members of same union). Evidently, the co-defendant only made this statement at the meeting with the attorney. *But see United States v. Brainard*, 690 F.2d 1117, 1125 (4th Cir.1982) (holding that corroborating circumstances existed where declarant made the statements on a number of occasions).

{10} Additionally, the co-defendant made the statement to the attorney for the benefit of a co-conspirator. *See Rhodes*, 713 F.2d at 473 (holding that corroborating circumstances did not clearly indicate the trustworthiness of a statement made to an attorney for the benefit of a co-conspirator). As a result, the co-defendant had knowledge that his statement would likely be used on Defendant's behalf. *But see Brainard*, 690 F.2d at 1125 (holding that corroborating circumstances existed where declarant had no knowledge that his statements would be used to benefit defendants). The relationship between the co-defendant and Defendant as co-conspirators also detracted from the statement's reliability. *See Rhodes*, 713 F.2d at 473 (considering conspiratorial relationship between declarant and defendant in assessing corroborating circumstances).

{11} Finally, independent evidence contradicted the co-defendant's statement. *See Lowe*, 65 F.3d at 1146 ("When assessing the corroborating circumstances of a statement, a court can make an assessment of the evidence."). At trial, Agent Olguin testified that he met Defendant while making an undercover purchase of cocaine. According to Agent Olguin, Defendant was present during the transaction and discussed the quality of the cocaine with the agent. This testimony directly contradicted the co-defendant's exculpatory statements concerning Defendant.

{12} Defendant also argues that the attorney-client privilege does not preclude the testimony. Because of our holding that the testimony was inadmissible under Rule 11–804(A), (B)(3), however, we need not reach this issue.

## III. CONCLUSION

{13} We conclude that corroborating circumstances did not indicate the trustworthiness of the statements. The trial court thus did not abuse its discretion in excluding the attorney's testimony concerning the co-defendant's statements. We therefore affirm the trial court's judgment and sentence.

{14} **IT IS SO ORDERED.**

ALARID and ARMIJO, JJ., concur.