**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 7 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID L. GUTIERREZ,

Petitioner-Appellant,

v.

DONALD DORSEY, Warden;
Torrance County Detention Facility;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

Respondents-Appellees.

No. 03-2127
(D.C. No. CIV-98-364-JP/RLP)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **KELLY** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **BRISCOE** , Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Petitioner David L. Gutierrez appeals from an order of the district court dismissing with prejudice this action filed pursuant to 28      U.S.C.  § 2254. We affirm.

Mr. Gutierrez was convicted by a jury of     armed robbery, aggravated burglary, and assault with intent to commit a violent felony.  He was sentenced to a total imprisonment of thirty years.  See Aplt. Br. at 2.  Mr. Gutierrez appealed his conviction to the New Mexico Court of Appeals, which affirmed the conviction for armed robbery and aggravated burglary, but vacated the conviction for assault with intent to commit a violent felony.[1]  See State v. Gutierrez, 894 P.2d 1014, 1015, 1018 (N.M. Ct. App. 1995).  Mr. Gutierrez filed a habeas petition in state court, which denied relief.  He then filed this petition pro se in federal district court in which he raised seven issues including ineffective assistance of counsel and a violation of his Sixth Amendment rights under the Confrontation Clause.  The district court appointed counsel, who continues to represent Mr. Gutierrez on appeal, and held an evidentiary hearing on Mr. Gutierrez's ineffective assistance of counsel claims.  The court denied relief.

---

[1]    This decision did not affect the total time Mr. Gutierrez was to serve as the sentences for aggravated burglary and for assault with intent to commit a violent felony were to be served concurrently.

On appeal Mr. Gutierrez argues that he received ineffective assistance of counsel and that his constitutional rights under the Confrontation Clause were violated. We granted a certificate of appealability on both issues.

We are governed in this appeal by the provisions of AEDPA. Because the New Mexico state courts addressed Mr. Gutierrez's claims on the merits, he

> will be entitled to federal habeas relief only if he can establish that the state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Toles v. Gibson, 269 F.3d 1167, 1172 (10th Cir. 2001), cert. denied, 538 U.S. 948 (2003) (quotations omitted). In making this determination, we presume the state courts' determinations of historical fact are correct. 28 U.S.C. § 2254(e)(1). "Subsidiary factual findings by the state courts are subject to a presumption of correctness, rebuttable only by clear and convincing evidence." Cook v. McKune, 323 F.3d 825, 831 (10th Cir. 2003).

Mr. Gutierrez argues that the New Mexico state courts did not address his ineffective assistance of counsel claims because the state courts summarily denied them without discussion. In Aycox v. Lytle, 196 F.3d 1174 (10th Cir. 1999), however, we pointed out that even where the state court had issued a summary order of dismissal which failed to discuss the federal law governing a claim, the claim was adjudicated on the merits because "the decision was reached on

substantive rather than procedural grounds." Id. at 1177; see also Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam) (holding that state court's failure to discuss or even to be aware of federal precedent does not in itself render the decision contrary to federal law). Thus, we apply the AEDPA standard.

To prevail on an ineffective assistance of counsel claim, Mr. Gutierrez must establish both that counsel's performance objectively fell below the standard of reasonableness and that the deficient performance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). He must overcome the strong presumption that counsel's decisions "might be considered sound trial strategy." Id. at 689 (quotation omitted).

Mr. Gutierrez faults counsel for failing to (1) properly prepare his defense, (2) object to the recall of one witness who thereupon recanted her prior testimony, and (3) undermine her recanted testimony on cross examination. Given the deference we owe the New Mexico Courts' decisions under the heightened AEDPA standard, we cannot say the courts unreasonably applied Strickland in deciding that Mr. Gutierrez failed to establish that he received ineffective assistance of counsel. See 28 U.S.C. § 2254(d)(1).

We, therefore, proceed to Mr. Gutierrez's Confrontation Clause argument. The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against

-4-

him." However, this right does not always bar admission of an unavailable witness's statement against a criminal defendant. Indeed, the Supreme Court recently questioned whether the Confrontation Clause provides protection to a defendant from unavailable witnesses who previously made *nontestimonial* statements which the prosecution seeks to have admitted at trial. See Crawford v. Wash., 124 S. Ct. 1354, 1374 (2004); see also United States v. Reyes, 362 F.3d 536, 540 n.4 (8th Cir. 2004) (" Crawford did not provide additional protections for nontestimonial statements"). "Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law–as does [Ohio v.] Roberts, [448 U.S. 56 (1980)], and as would an approach that exempted such statements from Confrontation Clause scrutiny altogether." Crawford, 124 S. Ct. at 1374.

Nontestimonial hearsay is at issue here. A witness, Juliette Hoffman, testified that her good friend, Rachel Martinez, Mr. Gutierrez's girlfriend, told Ms. Hoffman that she had been with Mr. Gutierrez, had planned the robbery, and had driven to the service station where the robbery took place with Mr. Gutierrez and others. Ms. Martinez told Ms. Hoffman that she stayed in the car while Mr. Gutierrez went into the station and that he had a knife. The trial court

admitted that testimony under New Mexico Rule of Evidence 11-804(B)(4) (hearsay exception for statements against interest). [2]

The New Mexico Court of Appeals determined that the trial court had not abused its discretion in admitting the statement under Rule 11-804(B)(4). Gutierrez , 894 P.2d at 1017. The court further held that Mr. Gutierrez' rights under the Confrontation Clause had not been violated. Id. at 1018.

On appeal, Mr. Gutierrez argues that Ms. Martinez' statements were not sufficiently reliable to be admissible under the Confrontation Clause. He contends that the fact that Ms. Martinez made the statement to a friend in a noncustodial setting does not carry an sufficient indicia of trustworthiness. He also maintains that Ms. Martinez' statement that Mr. Gutierrez actually committed the robbery was not reliable as it was self-exculpatory.

Upon review of the record and the Supreme Court's latest guidance as set forth in Crawford , we hold that Mr. Gutierrez has not established that the state court's "decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

_____

[2]    As does Federal Rule of Evidence 801, New Mexico Rule of Evidence 11-801 "characterizes out-of-court statements by co-conspirators as exemptions from, rather than exceptions to the hearsay rule. Whether such statements are termed exemptions or exceptions, the same Confrontation Clause principles apply." United States v. Reyes , 362 F.3d 536, 540 n.5 (8th Cir. 2004).

States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The judgment of the district court is AFFIRMED.


Entered for the Court


Wade Brorby
Senior Circuit Judge